

May 25, 2017

**VIA ECF**

The Honorable Joseph A. Dickson
United States Magistrate Judge for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

      Re:    *Securities & Exchange Commission v. Gentile*, No. 2:16 Civ. 01619 (JLL) (JAD)

Dear Judge Dickson:

      We represent Defendant Guy Gentile in the above-referenced matter. Although this case is currently stayed pending the Supreme Court's forthcoming decision in *Kokesh*, we are forced to write seeking immediate relief in this action as it has recently come to our attention that the SEC appears to be violating this Court's stay orders. Given the stay, we submit this letter in lieu of a motion to respectfully seek the Court's immediate intervention to bar the SEC from further violations of the stay.[1]

      Specifically, we have just learned that the Commission is pursuing discovery, which we have reason to believe it intends to use in this action, by way of serving "investigatory" subpoenas in a "related" matter. These extra-judicial subpoenas have been served outside of this Court's supervision and, accordingly, the confines of the Federal Rules of Civil Procedure. As detailed below, we respectfully request that this Court order the Commission to immediately cease the service and return of any subpoenas the Commission has issued in this matter or any related matter during the pendency of the stay of the above-captioned case.

**Background and Procedural Posture**

      The SEC filed the instant action on March 23, 2016. (Dkt. #1.) Shortly thereafter, on May 13, 2016, the Court stayed "[a]ll proceedings in the above-captioned civil action." (Dkt. #8.) Following the termination of the parallel criminal action in Mr. Gentile's favor, the parties submitted letters, and on March 16, 2017, this Court issued an Order directing that the case "shall remain stayed pending" a scheduled court conference. (Dkt. #14.) On April 12, 2017, following the conference, this Court issued another Order, again maintaining the stay "pending

---

[1] Mr. Gentile, of course, is prepared to seek the instant relief by way of formal motion, should Your Honor prefer, and permit such a motion during the pendency of the stay.

Hon. Joseph A. Dickson
May 25, 2017
Page 2 of 5

further Order of the Court." (Dkt. #16.) Then, after another round of letters, the Court "continue[d] the stay in this matter" until the Supreme Court issues its opinion in *Kokesh*, with an Order that Mr. Gentile provide an update to Your Honor by June 7.[2] (Dkt. #24.)

There can be no dispute that this case has been stayed since shortly after the SEC's filing of its Complaint through the current day. But despite these clear orders, the Commission has continued to assert that it believed no stay has been in place – and has apparently acted accordingly. On April 25, when my colleague spoke with the SEC, the Staff claimed that, in fact, the matter was not stayed. This assertion was reiterated in the Commission's letter to this Court the following day when it stated (erroneously) that "the Defendant acknowledged that the Stay was no longer operative" and "Defendant now argues that the Stay should be re-imposed." (Ltr. dated Apr. 26, 2017, dkt. #28 at 2.) Notwithstanding the Commission's attempt to position the matter as one where Mr. Gentile was seeking to "re-impose" a stay that was "no longer operative," pursuant to Your Honor's Order, the case was and has been stayed, and the issue was whether the stay then in effect should be continued. Your Honor ordered that it should be.

**The "Related" Miami Investigation**

In its April 26 letter arguing that the stay should be lifted because it intended to seek a remedial injunction against Mr. Gentile, the Commission publicly disclosed the existence of a "non-public" investigation.[3] After Mr. Gentile questioned the nature of what appeared to be a previously undisclosed investigation, the SEC revealed that it was relying on an investigation out of the SEC's Miami office with respect to Mr. Gentile's Bahamian broker-dealer. (Ltr. dated May 9, 2017, dkt. #21.)

Notwithstanding the stay order, Your Honor's April 12 Order did include an instruction that the parties exchange Rule 26 initial disclosures during the pendency of the stay. In its disclosures, the Commission refused to provide information with respect to "related investigations," asserting: "This [Rule 26] disclosure does not include *certain related investigations that are still not public* or do not concern the factual allegations of the Complaint." *See* Plaintiff Securities and Exchange Commission's Initial Disclosures, dated Apr. 28, 2017, at 6 n.1 (emphasis added). But even though the Commission is refusing to provide Mr. Gentile materials from this "related" investigation, it nevertheless indicated to this Court that it would seek to rely on such discovery in support of a supposedly-remedial injunction in this case. *See*

---

[2] As of the filing of this letter, the Supreme Court has not yet issued its opinion in *Kokesh*.

[3] The Commission's disclosure of a non-public investigation, made in a public filing, has the potential to result in significant harm to Mr. Gentile and his business relationships.

Hon. Joseph A. Dickson
May 25, 2017
Page 3 of 5

Ltr. dated Apr. 26, 2017, dkt. #18, at 5-6 & n.8 (arguing that a forward-looking injunction may be warranted based on information uncovered in a related investigation).[4]

**The Instant Violations of the Court's Orders**

Given this history, and given the Court's unambiguous Orders imposing and continuing the stay in this case, we are concerned to have recently learned of at least one supposedly "investigatory" SEC subpoena served on a non-party seeking information that appears to be "related" to the stayed case. Thus, it appears that, despite the stay, the Commission may be continuing to issue subpoenas to seek discovery that is related to this matter.

While the SEC may lawfully pursue an *unrelated* investigation while this matter is stayed, gathering evidence in a "related" investigation – and which the Commission has informed this Court it may use in this case – is highly improper. Indeed, the SEC's own Enforcement Manual indicates that the Staff "*may* continue to investigate and issue investigative subpoenas … while simultaneously litigating a related civil action," but specifically cautions that the SEC's "staff should *revisit* the issue whenever contemplating the service of investigative subpoenas that *could be seen as relating* to pending litigation." SEC Enforcement Manual § 3.1.3 (Investigations During Ongoing SEC Litigation) (emphasis added).[5]

In this instance, a "revisit" is quite warranted because the situation has evolved well beyond the Enforcement Manual's caution that the "investigative subpoenas [] *could be seen as relating* to pending litigation." This is particularly true given that the Commission has specifically indicated that the active litigation and the pending investigation are "related" in that the Commission apparently intends to use information gathered in the other "investigation" to support its requested relief here. Mr. Gentile is being severely and unjustly prejudiced by the

---

[4] Under these circumstances, the Commission should be precluded from relying on any materials collected pursuant to extra-judicial subpoenas issued in any related matter dated after the filing of the Complaint in this action. Preclusion is especially warranted because of the SEC's refusal to disclose any information about any "related" "investigations" as affirmed in the Commission's Rule 26 disclosure. *See* FRCP 37(c)(1)(A) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence…. In addition to or instead of this sanction, the court … *may order payment of the reasonable expenses, including attorney's fees*, caused by the failure") (emphasis added); s*ee also Webster v. Dollar Gen., Inc.*, 314 F.R.D. 367, 372 (D.N.J. 2016) (precluding evidence and observing that "[a] movant may not conceal the identities of its own employee-witnesses for several years of pretrial discovery and then lift the veil after the end of discovery when it seeks summary judgment based upon their testimony").

[5] We quote the Enforcement Manual herein as an indication of SEC policy, while recognizing that the Manual itself "is not intended to, does not, and may not be relied upon to create any rights…." SEC Enforcement Manual § 1.1 (Purpose and Scope).

Hon. Joseph A. Dickson
May 25, 2017
Page 4 of 5

Commission's use of an extra-judicial investigation to obtain evidence during the pendency of the stay in support of its request for an injunction here.[6]

The instant situation is remarkably similar to the case of *Securities & Exchange Commission v. Life Partners Holdings, Inc.*, in which the Staff was sanctioned after seeking evidence by way of investigatory subpoenas during a related investigation. No. 1:12 Civ. 00033 (JRN), 2012 WL 12850253 (W.D. Tex. Aug. 17, 2012), *reh'g denied*, 2012 WL 12918375 (Sept. 25, 2012). In *Life Partners*, after the Commission filed a complaint, but before discovery commenced, the SEC issued an "investigatory" subpoena, took a deposition, and, among other testimony, sought evidence that was arguably relevant to the already-filed action. The court rejected this tactic, holding that "[i]f the deposition of [a witness] was not part of a purely administrative investigation *unrelated* to the present case against Defendants, then it was subject to the FRCP." 2012 WL 12850253, at *2 (emphasis added). The court further found that the relevant "deposition was not taken for the sole purpose of investigating violations not alleged in the Complaint." *Id*.

The court explained, "[The SEC] cannot administer an extra-judicial deposition regarding an investigation, elicit testimony during that deposition regarding allegations made in the Complaint for use against Defendants, and then claim immunity from the FRCP by labeling the deposition as 'investigative.'" *Id.* at *3. The court then precluded the SEC from relying on the evidence obtained by use of the investigatory subpoena "for any purpose in [the] litigation." *Id.* at *4. The court also awarded attorneys' fees for the costs incurred in the sanctions motion.

The SEC's conduct here is also similar to the case of *Morgan Asset Management, Inc.*, Admin. Proceeding File No. 3-13847 (July 12, 2010), where the SEC issued investigatory subpoenas after filing its complaint in a related case. The court noted the respondents' objection that the already-filed case would "continue to evolve" while the related investigation continued, "requir[ing] them to shoot at a moving target…." *Id.* at *3. Agreeing with respondents, the court precluded the SEC from relying on any evidence, in the already-filed case, that had been collected through investigatory subpoenas issued in the related matter. *Id.* at 7.

**Relief Sought**

The SEC has been pursuing "related" discovery, while this case is stayed. In light of this conduct, we respectfully request that this Court order the SEC to immediately cease the service of any investigative subpoenas in this and any related matter, pending the termination of the above-captioned case, and to direct recipients of outstanding, as yet un-returned subpoenas, that they are under no obligation to respond to these extra-judicial subpoenas. Mr. Gentile also

---

[6] *See* Ltr. dated Apr. 26, 2017, dkt. #18, at 5-6 & n.8 (arguing that a forward-looking injunction may be warranted) and Ltr. dated May 9, 2017, Dkt. #21 ("the investigation into his operation of his Bahamian broker-dealer has been ongoing").

requests that the court consider whether – given the Commission's flagrant ignoring of the Court's stay orders – awarding attorneys' fees and costs associated in drafting this letter and a more formal motion, if necessary, is warranted here, as the court ordered in *Life Partners*.

       Thank you for Your Honor's consideration of these matters.  We stand prepared to discuss these matters further during a court appearance, or seek the relief sought herein by way of a formal motion.

       Respectfully submitted,

       Adam C. Ford

cc:    Hon. Jose L. Linares (via FedEx)
        Simona K. Suh, Esq. (via ECF)
        Nancy A. Brown, Esq. (via ECF)