

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
NEW YORK REGIONAL OFFICE
BROOKFIELD PLACE, 200 VESEY STREET
Suite 400
NEW YORK, NEW YORK 10281-1022

Nancy A. Brown
(212) 336-1023
brownn@sec.gov

June 8, 2017

**By ECF**

Hon. Joseph A. Dickson
United States Magistrate Judge
District of New Jersey
Martin Luther King, Jr. Federal Building
    and Courthouse
50 Walnut Street
Newark, New Jersey 07102

    Re:    <u>SEC v. Gentile; 16 Civ. 1619 (JLL)(JAD)</u>

Dear Judge Dickson:

    We represent the Plaintiff, Securities and Exchange Commission, in the above-captioned action. We write in response to Defendant Gentile's letter of June 7, 2017.

    We will not address the many disagreements we have with Defendant's reading of the recent <u>Kokesh</u> decision or its application to this case; we will reserve those arguments for our response to the Motion to Dismiss he plans to file, which we will oppose.

    However, we do not think it appropriate for the stay of all discovery to continue pending the lengthy briefing schedule Defendant proposes. If Defendant is to obtain such a protracted briefing schedule (which goes far beyond the timeline provided by the Local Rules) – and on a motion he claims is "straightforward" – then document discovery should be permitted to proceed.

    First, the reason for the stay – a pending criminal case against Gentile – no longer exists.

    Second, the reasons to lift the stay – prejudice to the Commission from dissipation of evidence – continue to exist and the risks of prejudice increase with each passing day. As Gentile himself points out, this matter is nearly 10 years old, and Defendant's own initial disclosures make clear that evidence has already been lost. ("Given that the alleged events detailed in the SEC's complaint date back more than a decade, Defendant is not aware of any documents, electronically stored information, or tangible things, from the relevant time period, in his possession, custody, or control which he may use to support his defenses.") If it is true that Defendant no longer has any relevant materials related to the defense of the claims in the Commission's complaint, he has failed to comply with the Federal Rules of Civil Procedure, which require parties to maintain documents

Hon. Joseph A. Dickson                                                June 8, 2017
                                                                       Page 2

that "should have been preserved in the anticipation" of litigation.[1] The Commission should be allowed to immediately explore the circumstances of how Defendant rid himself of all relevant materials, and, if that is the case, when he did so.

      Finally, the Commission should be permitted to seek documents from third parties by subpoena. Absolutely no prejudice to Defendant would result from allowing third-party discovery, and, unlike Defendant, third parties have been under no obligation to preserve relevant evidence. Accordingly, with each passing day, the risk rises that relevant information – such as internet service provider records or internet source records pertaining to the source of trading the complaint alleges Defendant controlled and the promotions connected to the alleged manipulations and bank records of certain third parties – are at risk of disappearing.[2]

      For these reasons, the Commission is willing to accept Defendant's proposed briefing schedule so long as limited document discovery is allowed to proceed. If it is not, the Commission proposes that Defendant's motion proceed on the following schedule: moving brief due June 30; opposition brief due July 21; reply due August 4.

                                                                       Respectfully submitted,

                                                                       Nancy A. Brown

cc:    Hon. Jose L. Linares (via regular mail)
        Adam Ford, Esq. (via email)

---

[1]    See Edelson v. Cheung, No. 13 Civ. 5870 (JLL)(JAD), 2017 WL 150241, at *4 (Jan. 12, 2017) (imposing Rule 37(e)(2) sanctions on pro se party who had failed to preserve emails).

[2]    That the Commission conducted an investigation prior to Defendant's criminal arrest does not foreclose it from conducting discovery under the Federal Rules of Civil Procedure. Of course, once Gentile was arrested, and – according to the United States Attorney's Office – confessed his crimes, the Commission had no need to obtain every document it determines would best support its claims.