**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

      v.

GUY GENTILE,

                Defendant.

No. 2:16 Civ. 01619 (JLL)(JAD)

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT GUY GENTILE'S MOTION TO DISMISS**

FORD O'BRIEN LLP
575 Fifth Avenue, 17th Floor
New York, NY 10017
212.858.0040
aford@fordobrien.com

*Attorneys for Defendant Guy Gentile*

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

ARGUMENT ............................................................................................................................ 3

    I.    The Punitive Injunction and Industry Bar the SEC Seeks to Impose on Gentile Are Time-Barred by § 2462 .................................................................................. 3

        a.    The Face of the Complaint Makes Clear that the Injunctions Sought Here Are Punitive ......................................................................... 3

        b.    *Collyard* Supports Dismissal of the Complaint. ............................................ 5

        c.    Disgorgement and Injunctions Are Subject to the Same Two-Part Test Under *Kokesh* to Determine Whether a Sanction Is a Penalty ...................... 6

        d.    Under Kokesh, an Industry Bar Is Punitive Not Equitable ............................. 7

        e.    The Concurrent Remedies Doctrine Precludes the SEC from Obtaining Equitable Relief on a Claim that it Admits Is Otherwise Time-Barred ............ 8

    II.    The SEC is Not Entitled to Discovery Because the SEC Here Has Failed to Satisfy Basic Pleading Standards Mandating Dismissal of the Complaint ............. 9

    III.    Gentile's "Public Pronouncements" Do Not Permit the SEC to Impose an Injunction ............................................................................................................. 10

CONCLUSION………………………………………………………………………………….11

i

# **TABLE OF AUTHORITIES**

Cases

*De la Fuente v. F.D.I.C.*,
  332 F.3d 1208 (9th Cir. 2003) ............................................................................................... 7

*Fed. Election Comm'n v. Williams,*
  104 F.3d 237 (9th Cir. 1996) ................................................................................................. 8

*Johnson v. SEC,*
  87 F.3d 484 (D.C. Cir. 1996) ................................................................................................. 5

*Kokesh v. SEC,*
  137 S. Ct. 1635 (2017) ..................................................................................................passim

*Meeker v. Lehigh Valley R. Co.,*
  236 U.S. 412 (1915) ............................................................................................................... 4

*Proffitt v. F.D.I.C.,*
  200 F.3d 855 (D.C. Cir. 2000) .............................................................................................. 8

*SEC v. Bartek,*
  484 Fed. App'x 949 (5th Cir. 2012) ..................................................................................... 5

*SEC v. Collyard,*
  861 F.3d 760 (8th Cir. 2017) ............................................................................................ 2, 6

*SEC v. Jones,*
  476 F. Supp. 2d 374 (S.D.N.Y. 2007) .................................................................................. 5

*Sierra Club v. Oklahoma Gas & Elec. Co.,*
  816 F.3d 666 (10th Cir. 2016) .............................................................................................. 8

*U.S. ex rel. Spay v. CVS Caremark,*
  913 F. Supp. 2d 125 (E.D. Pa. 2012) ................................................................................. 11

*U.S. v. Ron Pair Enters., Inc.,*
  489 U.S. 235 (1989) ............................................................................................................... 4

*United States v. EME Homer City Generation, L.P.*,
  727 F.3d 274 (3d Cir. 2013) .................................................................................................. 6

*United States v. Telluride Co.,*
  146 F.3d 1241 (10th Cir. 1998) ............................................................................................ 4

*Weinberger v. Romero-Barcelo,*
  456 U.S. 305 (1982) ............................................................................................................... 7


<u>Statutes</u>
15 U.S.C. § 77t(b), and Section 21(d)(1) ................................................................................. 4
15 U.S.C. § 77t(g) ..................................................................................................................... 7
15 U.S.C. § 78u(d)(1) ............................................................................................................... 4
15 U.S.C. § 80b-9 ..................................................................................................................... 4
28 U.S.C. § 2462 ............................................................................................................... passim

**PRELIMINARY STATEMENT**

The SEC concedes that this case is time barred, candidly admitting that any alleged wrongdoing by Gentile ended nine years ago and expressly withdraws any claim for disgorgement or civil money penalty. In other words, since the Commission brought "an action, suit, or proceeding for the enforcement of [a] civil fine, penalty, or forfeiture, pecuniary or otherwise" that was not commenced within five years, it abandons all five of its causes of action.

The SEC then pivots and asserts that even though all its claims are time barred, it can still obtain "remedies" in the form of an "obey the law" injunction, and an order enjoining Gentile from offering penny stock, *i.e.*, an industry bar. To do this, it demands from this Court an extraordinary ruling, asking for the Court to hold that (1) the SEC can bring an action at any time into perpetuity, and (2) no defendant may challenge the timeliness of such a complaint until after "resolution of the merits." (SEC Opp. pg 2)

The Commission makes two fundamental errors in its opposition brief. First, it misstates Gentile's actual arguments, reframing Gentile's position as "contest[ing] the Court's power to enjoin him from future violations of the securities laws." (SEC Opp. pg. 1). But Gentile *does not* contest this "court's power to enjoin him from future violations," but rather the Commission's ability to seek this penalty after five years, and without pleading any facts showing an entitlement to that relief, *i.e.*, that he is engaged or is about to engage in any securities laws violation, particularly considering the SEC did not believe he needed to be enjoined for the past five years while he was cooperating.

The Commission also wrongly asserts that "Defendant argues that this Court should ignore years of precedent to hold that injunctive relief is punitive and therefore subject to a five year statute of limitations." (*Id.*) But Gentile never asserted that this Court should ignore years of

1

precedent, rather that all such precedent must now be read in light of *Kokesh,* which set forth what constitutes a "penalty" under § 2462, *the word and statute at the crux of this case*.

Plainly, the SEC's three arguments it asserts to try to salvage its complaint fail. First, the SEC's argument that injunctions are, *per se*, remedial and cannot be considered penalties is belied by *Kokesh* as well as the very case it cites for the proposition, the Eighth Circuit's decision in *SEC v. Collyard. Collyard*, which expressly ruled that the SEC cannot circumvent § 2462's mandate merely by labeling an injunction (or disgorgement) as "equitable." Second, the SEC argues that it must get to a "determination on the merits" before the Court considers whether the injunctions it seeks are penal in nature. This would upend established civil procedure. If the SEC could allege facts that would show a purely remedial purpose for the relief it seeks, it should have done so. Third, the SEC asks this Court to consider Gentile's public criticism of the SEC and other governmental agencies as purported evidence of his "contempt" for authorities, which the SEC argues, justifies the imposition of an injunction. This argument is perverse. The notion that an individual's public criticism of the government can be used to demonstrate a propensity to violate the law is deeply troubling. What Gentile says publicly about the SEC – and in a single email sent in direct response to the SEC's April 26 letter to the Court that contained material false statements, as the SEC has since acknowledged – has no bearing on whether he is likely to commit a securities violation.

By narrowing its requested relief to an injunction against violation of the securities laws and barring Gentile from an industry, the SEC hopes to avoid the impact of *Kokesh* by casting its claims as purely remedial. But the sanctions the SEC continues to seek are just as punitive as the pecuniary relief the SEC has abandoned. Merely labeling them as "equitable" is insufficient to save the complaint, as the Supreme Court just instructed the SEC in *Kokesh*.

2

Tellingly, the SEC declined to address Gentile's simple question in his opening brief and to take the opportunity to explain why, if the SEC believes Gentile needs to be immediately enjoined to prevent future harm to the public now, it did not seek an injunction at any time over the last seven years. If the SEC had any plausible answer to this question other than the obvious one – that it seeks to punish him, at least in part, for alleged conduct from 2007 and 2008 – then surely the SEC would have included it in its opposition brief. It did not. This is obviously an "action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise…." brought beyond the five-year limitations period.

## ARGUMENT

### I. The Punitive Injunction and Industry Bar the SEC Seeks to Impose on Gentile Are Time-Barred by § 2462

#### a. The Face of the Complaint Makes Clear that the Injunctions Sought Here Are Punitive

The SEC urges this Court to rule that injunctions are never punitive, asserting that "Congress has always understood that an injunction issued in a SEC action cannot be used to punish." (SEC Opp. pg. 12-13) The SEC asks that the Court ignore the Supreme Court's ruling in *Kokesh,* a case which provides the required framework for determining whether any sanction is a "penalty" under Section 2462, subject to a limitations period. (SEC Opp. pg. 15)

The SEC suggests that *Kokesh* is inapplicable because that case analyzed disgorgement, a penalty that is not explicitly referenced in Section 2462, whereas injunctions – which like disgorgement, are also *not* explicitly referenced in Section 2462 – have been "indisputably authorized" by Congress. But Congress authorized the SEC to seek injunctions upon allegations that the defendant "is engaged or about to engage in" a securities violation, and says nothing

3

about whether they can be punitive.³ That the SEC has been authorized to seek injunctions under certain circumstances surely does not limit the Court from determining whether an injunction sought constitutes a penalty under Section 2462. Under *Kokesh*, if they are also punitive – even just in part – then the limitations period applies.

To understand the reach of Section 2462, this Court must consider the statute's plain language and history. *See U.S. v. Ron Pair Enters., Inc.*, 489 U.S. 235, 242 (1989). By its plain language, Section 2462 applies to "an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, *pecuniary or otherwise*." The statute's reach clearly covers non-pecuniary penalties and forfeitures, including injunctions and industry bars, because "pecuniary or otherwise" modifies the word "penalty." This is confirmed by reference to the statute's predecessor, Rev. Stat. § 1047, Comp. Stat. 1913, § 1712, which originally imposed a five-year statute of limitations on any "suit or prosecution for a penalty or forfeiture, pecuniary or otherwise…" *See Meeker v. Lehigh Valley R. Co.*, 236 U.S. 412, 423 (1915) ("The words 'penalty or forfeiture' in this section refer to something imposed in a punitive way for an infraction of a public law…").⁴ Indeed, *Kokesh* relied on case law going back nearly 150 years in finding that under Section 2462, a "penalty" is a "punishment, *whether corporal or*

---

³ *See* Cmplt. at ¶ 10 ("The SEC brings this action pursuant to the authority conferred upon it by Section 20(b) of the Securities Act, 15 U.S.C. § 77t(b), and Section 21(d)(1) of the Exchange Act, 15 U.S.C. § 78u(d)(1)…."). Under both provisions, Congress has authorized only that "[w]henever it shall appear to the SEC that any person is engaged or about to engage in any acts or practices [which constitute or will constitute] a violation…[the SEC] may…bring an action…to enjoin such acts or practices…."). *Compare with* 15 U.S.C. § 80b-9 ("Whenever it shall appear to the Commission that any person *has engaged*, is engaged, or is about to engage…") (emphasis added). Had Congress intended to authorize the SEC to seek injunctions for past conduct under the provisions relied upon in this case, clearly they would have included the "has engaged" language – contained in the Advisor's Act – in the Securities Act and Exchange Act.
⁴ *See also United States v. Telluride Co.*, 146 F.3d 1241, 1245 (10th Cir. 1998).

4

*pecuniary*," and whether "*pecuniary or otherwise.*" *Kokesh, 137 S.Ct.*at 1642 (emphasis added). The argument that Section 2462 has no applicability to injunctions is unsupportable.

Even before *Kokesh*, many courts held that an injunction is sometimes a penalty and sometimes remedial. *See SEC v. Jones*, 476 F. Supp. 2d 374, 383-385 (S.D.N.Y. 2007). Yet, the cases that the SEC cites are from circuits that generally incorrectly held disgorgement, as well as injunctions, are always remedial, based on the SEC's mere labeling of these remedies as such. But *Kokesh* rejected this approach, thus vacating in part and undermining the reasoning in all the cases the SEC relies upon. *See Kokesh*, 137 S. Ct. at 1644 ("A civil sanction that cannot fairly be said solely to serve a remedial purpose, but rather can only be explained as also serving either retributive or deterrent purposes, is punishment, as we have come to understand the term").

Notwithstanding the SEC's assertion to the contrary, *Kokesh* relied in part on prior circuit court decisions, which found that an injunction may constitute a penalty under Section 2462, specifically relying on the same cases and same language cited by the Supreme Court in *Kokesh*. *See, e.g.*, *Johnson v. SEC*, 87 F.3d 484, 492 (D.C. Cir. 1996) (§ 2462's five-year limitation applies to SEC proceedings which seek to censure and suspend a securities supervisor); *SEC v. Bartek*, 484 Fed. App'x 949, 957 (5th Cir. 2012) ("Based on the severity and permanent nature of the [lifetime ban against the Defendants], the district court did not error in denying the SEC's request on grounds that the remedies are punitive, and are thus subject to § 2462's time limitations"). As such, contrary to the SEC's mischaracterization of Gentile's arguments, Gentile actually argues that the Court should consider all precedential cases in light of *Kokesh*.

      b.      <u>*Collyard* Supports Dismissal of the Complaint.</u>

The SEC argues that "courts before and after *Kokesh* have consistently ruled that disgorgement is qualitatively different from injunctions for Section 2462 purposes." (SEC Opp.

5

pgs. 13-14) This is not correct. The Eighth Circuit had occasion to consider *Kokesh* in deciding an appeal of a SEC injunction in *SEC v. Collyard*. Contrary to the SEC's depiction of *Collyard* as "reject[ing] all of the arguments Defendant makes here," *Collyard* in fact affirms Gentile's position. Indeed, *Collyard* found that "[j]ust as disgorgement's 'equitable' label does not exempt it from being a § 2462 'penalty,' injunction's 'equitable' label does not exempt it from being a § 2462 'penalty.'" 861 F.3d 760, 763 (8th Cir. 2017). The *Collyard* court ultimately declined to rule on "[t]he court of appeals split over whether an injunction can be a § 2462 penalty" and found that under the specific facts before it – specifically evidence of a likely violation of the securities laws – the injunction was equitable. However, it noted that "*Kokesh* undermines [the] determination that a claim is not a 'penalty' simply because it is 'equitable.'" *Id.*

These cases make clear that the SEC may no longer bring actions unencumbered by limitations periods, merely by labeling a penalty as "equitable." Indeed, in *United States v. EME Homer City Generation, L.P.*, the Third Circuit ruled that an injunction was not exempt from Section 2462, where characterizing the penalty as an injunction "would amount to little more than an end-run around the five-year statute of limitations on 'any civil fine, penalty, or forfeiture, pecuniary or otherwise.'" 727 F.3d 274, 295-96 (3d Cir. 2013).

    c.    <u>Disgorgement and Injunctions Are Subject to the Same Two-Part Test Under *Kokesh* to Determine Whether a Sanction is a Penalty</u>

If the injunctions at issue here are sought as a consequence for an alleged violation of law and intended as punishment, even in part, they are time-barred. The SEC attempts to avoid the implications of *Kokesh*, and the numerous circuit and district courts applying the same analysis to injunctions, by using a sleight of hand, arguing that "a properly imposed injunction designed to protect the public, not to punish…is not a penalty under Section 2462," and thus, concluding that the injunctions sought here are not time-barred. (SEC Opp. pg. 11.) But this misses the

6

point: the injunctions sought here, as made clear on the face of the Complaint which alleges no remedial justification, are indisputably intended, at least in part, to punish Gentile. They are not crafted entirely to protect the public from future harm nor to restore the *status quo ante*. Indeed, the SEC highlights the fact that it has not even crafted the language it purportedly ultimately intends to impose "to protect the public" (and strangely argues that is a reason to permit this case to proceed). This Court need not entertain the SEC's theoretical arguments about what constitutes a "proper injunction," and may dismiss the SEC's claims seeking this specific punitive injunction given that the specific facts alleged in *this* complaint clearly demonstrate that the injunctions sought *here* are punitive. *See Weinberger v. Romero-Barcelo*, 456 U.S. 305, 313 (1982) ("…a federal judge sitting as chancellor is not mechanically obligated to grant an injunction for every violation of the law.").

### d. Under *Kokesh*, an Industry Bar Is Punitive Not Equitable

The SEC argues that "properly imposed penny stock bars are intended to protect the investing public from future harm." (SEC Opp. pg. 27). But that argument also ignores the statutory language which makes plain that industry bars are backward looking penalties intended to punish the defendant for wrongful past conduct. *See* 15 U.S.C. § 77t(g) (permitting a permanent bar against "any person…[who]…at the time of the alleged conduct was participating in, an offering of penny stock…"). Unlike injunctions, which contain language requiring the SEC to demonstrate the defendant is engaged in or is about to engage in a securities violation – thereby making them, in theory, forward looking – the SEC is authorized to impose an industry bar based on *past conduct*, regardless of whether there is any likelihood of recidivism.

For this reason, courts have consistently held that industry bar injunctions, like the one sought here, are punitive, and thus subject to Section 2462's limitations period. *See, e.g.*, *de la*

*Fuente v. F.D.I.C.*, 332 F.3d 1208, 1219 (9th Cir. 2003) (order seeking removal from banking constitutes a penalty under § 2462); *Proffitt v. F.D.I.C.*, 200 F.3d 855, 861 (D.C. Cir. 2000) (expulsion of defendant from banking industry constituted civil penalty although it had dual effect of protecting public and punishing defendant as "manifested by the fact that the FDIC did not act for more than six years after Proffitt's misdeeds"); *Johnson*, 87 F.3d at 491 (vacating industry suspension under § 2462 because it was not "directed toward correcting or undoing the effects" of defendant's conduct, but that the "putatively civil or regulatory sanction is in actuality a back-door form of punishment…").

The allegations in the Complaint do not plausibly allege that the SEC seeks a penny stock bar solely to protect the investing public, but rather that it seeks the penny stock bar, at least in part, to punish Gentile for conduct allegedly occurring nearly a decade ago. *See Johnson*, 87 F.3d at 491 n.1 ("It is clearly possible for a sanction to be "remedial" in the sense that its purpose is to protect the public, yet not be "remedial" because it imposes punishment going beyond the harm inflicted by the defendant.").

e. The Concurrent Remedies Doctrine Precludes the SEC from Obtaining Equitable Relief on a Claim that it Admits Is Otherwise Time-Barred.

Finally, since the SEC has abandoned all its legal remedies, *i.e.*, civil penalties and disgorgement and now seeks only "equitable" relief, the "concurrent remedy doctrine" requires that the Complaint be dismissed. The concurrent remedy doctrine provides that a statute of limitation barring a legal claim will also bar an equitable claim "when the jurisdiction of the federal court is concurrent with that at law, or the suit is brought in aid of a legal right." *See Fed. Election Comm'n v. Williams*, 104 F.3d 237, 240 (9th Cir. 1996); *see also Sierra Club v. Oklahoma Gas & Elec. Co.*, 816 F.3d 666, 675 (10th Cir. 2016). "[B]ecause the claim for

8

injunctive relief is connected to the claim for legal relief, the statute of limitations applies to both." *FEC*, 104 F.3d at 240. (citing *Cope v. Anderson*, 331 U.S. 461, 464 (1947)).

## II.   The SEC is Not Entitled to Discovery Because the SEC Here Has Failed to Satisfy Basic Pleading Standards Mandating Dismissal of the Complaint

The SEC seeks to avoid dismissal of its stale claims by urging this Court to permit discovery, so that it might uncover facts supporting an injunction, and then either hold a hearing or otherwise get to a "determination on the merits" before the Court determines whether the injunction sought is partially punitive. This argument undermines the spirit and letter of *Gabelli*, *Kokesh*, and the Rules of Civil Procedure, rendering the pleading requirements null.

The SEC attempts an end-run around the plausibility requirement, that is, the requirement that it make at least some "showing" that it is seeking a purely remedial injunction, rather than a time-barred punitive injunction. The SEC's argument that "[t]he SEC's prayer for injunctive relief is a remedy, not a separate claim," and therefore subject to no limitations period, fails as a matter of common sense and as a matter of law.

The practical effect of the SEC's argument would be to render Section 2462 meaningless. Section 2462 does not impose a time limit on a *remedy*, but instead imposes a time limit on "an action, suit or proceeding for the enforcement of any civil fine, penalty or forfeiture, pecuniary or otherwise." Thus, Section 2462 sets a limitations period of five years for any action the government could possibly bring that includes a punitive remedy. There is no credible argument that Congress – in drafting Section 2462 – intended to give the SEC authority to bring an action against a defendant at any time in perpetuity. Nor would the Supreme Court, having just provided clear guidance in both *Gabelli* and *Kokesh*, permit the SEC to seek an injunction after five years merely because the SEC has labeled the relief a "remedy" instead of a "claim" as it again attempts to do here.

9

The remaining question is whether, based solely on the allegations in the Complaint, the SEC has made out a plausible allegation that the injunctions sought are entirely equitable, meaning that it alleges the defendant is engaged or about to engage in a violation. It has not.

The SEC acknowledges that all its "claims" are time-barred, but that it should be entitled to discovery and a hearing on its request for a remedy. But the Rules of Civil Procedure do not even permit such a request. Indeed, Rule 26(b)(1) provides that, "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's *claim* or defense" (emphasis added). Since the SEC acknowledges it no longer has any claims, and only seeks a remedy, the Rules of Procedure preclude the SEC from obtaining further discovery in this case anyway.

### III. Gentile's "Public Pronouncements" Do Not Permit the SEC to Impose an Injunction

Having failed to set forth any credible legal argument to support its otherwise time-barred case against Gentile, the SEC seeks to save it with references to irrelevant, wrong, and in some cases, constitutionally-protected online speech, which the SEC believes show Gentile in a negative light. For example, the SEC repeatedly asserts in its brief that Gentile has already "confessed" to the conduct alleged in the complaint by citing to a statement made by the prosecution in the criminal case in connection with Gentile's ultimately successful motion to dismiss the indictment. But that line was an attorney's argument, and was never introduced by way of affidavit. There is no evidence in the record on this point, and it is otherwise irrelevant as all allegations in the Complaint are presumed true for purposes of this motion.

More egregiously, the SEC points to other extra-judicial statements which do not relate to any potential violation of the securities law, but how he feels he was treated by the government. But Gentile's out-of-court statements to the press, which may or may not be accurate or truthful, certainly do not constitute the type of documentary evidence that a party can rely on in

responding to a motion to dismiss. These documents can and should be disregarded. *See U.S. ex rel. Spay v. CVS Caremark*, 913 F. Supp. 2d 125, 139 (E.D. Pa. 2012) ("Facts that may be judicially noticed are those not subject to reasonable dispute.") To be clear, no answer has been filed in this case and so Gentile has not made any "admissions" about his conduct at all.

Moreover, the comments the SEC cites have nothing to do with a plausible argument regarding a future securities violation, and have everything to do with the SEC's desire to retaliate against Gentile's criticism of the governmental entities that have prosecuted actions against him. Gentile has a clear right to make comments that "demonstrate a contempt for the regulatory and enforcement authority of the SEC" (SEC Opp. pg. 10) without it being used against him to suggest a propensity to violate the law. While Gentile's speech is clearly protected, the SEC's use of these irrelevant press reports and social media postings in this proceeding is just further proof that the SEC's continued prosecution in this action – despite acknowledging all its claims are time-barred – is to punish Gentile for past alleged conduct. Nine years later, and after all his work as one of the SEC's best cooperators, it is just too late.

## CONCLUSION

For the foregoing reasons, Gentile respectfully requests that this court dismiss the Complaint in its entirety, with prejudice.

Dated: August 3, 2017

_____
Adam C. Ford, Esq.
Adam Pollock, Esq.
Ford O'Brien LLP
575 Fifth Avenue, 17th Floor
New York, NY 10017
Email: aford@fordobrien.com
*Attorneys for Defendant Guy Gentile*