**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | CIVIL ACTION NO. 16-1619 (JLL) |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| GUY GENTILE, | |
| Defendant. | |

**LINARES, Chief District Judge**

**IT APPEARING THAT:**

1. The plaintiff, the Securities and Exchange Commission (hereinafter, "the SEC"), brought this civil action in March 2016 against the defendant, Guy Gentile. (ECF No. 1.) The SEC alleged that Gentile engaged in conduct that violated several provisions of the Securities Act, the Exchange Act, and SEC Rule 10b-5. (Id.)

2. For relief, the SEC sought to: (a) enjoin Gentile from violating the Securities Act, the Exchange Act, and SEC Rule 10b-5; (b) disgorge ill-gotten gains received "as a result of the conduct alleged [in the complaint]"; (c) levy civil monetary penalties; and (d) permanently prohibit Gentile from participating in any offering of penny stocks. (ECF No. 1 at 23–24.)

3. Gentile was also indicted in March 2016 for nearly the same conduct. *See United States v. Gentile*, Crim. No. 16-155, ECF No. 1.

4. In January 2017, this Court granted Gentile's motion to dismiss the indictment in the criminal matter based on statute-of-limitations grounds. *See United States v. Gentile*, 235 F. Supp.3d 649 (D.N.J. Jan. 30, 2017). The Government initially filed a notice of appeal from that dismissal, but ultimately decided not to pursue the appeal. *See United States v. Gentile*, Crim. No. 16-155, ECF Nos. 34–37.

5. Gentile now moves pursuant to Federal Rule of Civil Procedure (hereinafter, "Rule") 12(b)(6) to dismiss the complaint in the civil action. (ECF No. 34 through ECF No. 34-14.) The Court resolves the motion to dismiss upon a review of the papers and without oral argument. *See* L. Civ. R. 78.1(b).

6. The SEC, in opposition to the motion to dismiss, states that it "has determined at this time, and on the facts now known to it, not to pursue [many of] its claims" that are asserted against Gentile in the complaint. (ECF No. 38 at 16 n.5; *see also* id. at 37 (the SEC stating that it "has determined not to pursue [certain] claims . . . on the facts known to it now and alleged in its Complaint").) In addition, in its opposition brief, the SEC raises examples concerning certain conduct that Gentile has engaged in after January 2017 that are not asserted in the complaint. (Id. at 17–18; id. at 28; ECF No. 37 at 5–6.)

7. Thus, the SEC seeks to proceed in this case based upon claims and factual allegations that: (a) have been withdrawn; (b) are not asserted in the complaint, and are being raised for the first time in response to the motion to dismiss; or (c) are hopelessly intertwined with the claims and allegations that have been withdrawn.

8. As a result, the Court is being asked to engage in the task of addressing a motion that has been made pursuant to Rule 12(b)(6) to dismiss a complaint for failure to state a claim, but the Court does not have the benefit of a straightforward complaint to refer to in determining whether a claim has been stated. It would be improper for the Court to engage in such a task.

9. The Court may exercise "its inherent power to control its docket so as to promote fair and efficient adjudication." *Rolo v. Gen. Dev. Corp.*, 949 F.2d 695, 702 (3d Cir. 1991); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (discussing "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").

10. Therefore, the Court administratively terminates Gentile's motion to dismiss without prejudice, and directs the SEC to clarify exactly which allegations and claims are still viable by filing an amended complaint by October 6, 2017. Indeed, the SEC appears to admit that it should have filed an amended complaint at this juncture. (ECF No. 38 at 34 n.18 (the SEC stating that the Court may determine that the allegations asserted in the complaint are deficient, and that it would be appropriate for the Court to grant leave to replead).) Furthermore, the SEC will file an amended complaint without moving for leave to do so before the Magistrate Judge.

11. When the SEC files the amended complaint, Gentile may move again to dismiss the claims asserted therein, if appropriate.

**IT IS THEREFORE** on this __18th__ day of September, 2017, **ORDERED** that the defendant's motion to dismiss the complaint **(ECF No. 34)** is administratively terminated without prejudice; and it is further

**ORDERED** that the plaintiff is **DIRECTED** to file an amended complaint, in a manner that is consistent with this Court's Opinion and Order, by October 6, 2017; and it is further

**ORDERED** that the defendant is granted leave to move to dismiss the forthcoming amended complaint when it is filed, if appropriate.

_____
JOSE L. LINARES
Chief Judge, United States District Court