# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>GUY GENTILE,<br><br>Defendant. | Civil Action No.: 16-1619 (JLL)<br><br>**OPINION** |

**LINARES**, Chief District Judge.

This matter comes before the Court by way of Defendant Guy Gentile's Motion to Dismiss Plaintiff Securities and Exchange Commission's First Amended Complaint ("FAC"). (ECF No. 50 ("Def. Mov. Br.")). Plaintiff has submitted opposition (ECF No. 54 ("Pl. Opp. Br.")), which Defendant has replied to. (ECF No. 23 ("Def. Rep. Br.")). The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants Defendant's Motion to Dismiss.

## I.  BACKGROUND[1]

Plaintiff brings the within action seeking "equitable" relief in connection with "two penny stock manipulation schemes [allegedly] perpetrated by [Defendant] Gentile." (FAC ¶ 1). These schemes allegedly began in April of 2007 and ended approximately in June 2008. (Id.). The 2007 scheme "involved the stock of Raven Gold Corporation" ("RVNG Scheme"), while the 2008

---

[1] This background is derived from Plaintiff's FAC, which the Court must accept as true at this stage of the proceedings. *See Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 758 (3d Cir. 2009).

scheme "involved the stock of Kentucky USA Energy, Inc." ("KYUS Scheme"). (Id.). Plaintiff's FAC asserts the following causes of actions: 1) Count I – "Violations of Sections 5(a) and 5(c) of the Securities Act;" 2) Count II – "Violations of Section 17(b) of the Securities Act;" 3) Count III – "Violations of Section 17(a) of the Securities Act;" 4) Count IV – "Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Thereunder;" and 5) Count V – "Aiding and Abetting Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Thereunder." (FAC ¶¶ 86-100).[2] Plaintiff seeks two "equitable" forms of relief for the aforementioned violations: 1) an "obey-the-law" injunction; and 2) a "penny stock" bar. (FAC at 25-26, "Prayer For Relief").

The Court need not restate the intricate details of the schemes as Defendant's Motion to Dismiss requests dismissal of the FAC pursuant to the statute of limitations, and there is no dispute that, as previously stated, Defendant's alleged criminal activity ended as of June 2008. (*See* Crim. No. 16-cr-155, December 21, 2016 Transcript at 41:21-42:11; *see also* FAC ¶ 1; Def. Mov. Br. at 3-4; Pl. Opp. Br. at 4-6). Specifically, Defendant moves to dismiss the FAC asserting it is untimely pursuant to the statute of limitations set forth in 28 U.S.C. § 2462. (Def. Mov. Br. at 9). Plaintiff opposes Defendant's Motion asserting that the relief sought in the FAC is not punitive and therefore not subject to the five-year statute of limitations. (*See generally* Pl. Opp. Br.).

## II.   LEGAL STANDARD

To withstand a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

---

[2] The Court notes that the Government filed a parallel criminal action against Defendant under Docket No. 16-cr-155 (JLL) ("Parallel Criminal Action"). The allegations therein are identical to those in FAC. (*See generally* Crim. No. 16-cr-155, ECF No. 1). On January 30, 2017, this Court dismissed the Parallel Criminal Action as time barred pursuant to the relevant statute of limitations. *See United States v. Gentile*, 235 F. Supp. 3d 649 (D.N.J. 2017).

2

570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

To determine the sufficiency of a complaint under *Twombly* and *Iqbal* in the Third Circuit, the court must take three steps: first, the court must take note of the elements a plaintiff must plead to state a claim; second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (citations omitted). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

Defendants may prevail on the statute of limitations at the motion to dismiss stage "if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *See Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (citation omitted); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380 (3d Cir. 1994). "If the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." *Cain v. Dep't of Pub. Welfare*, 442 F. App'x 638, 638 (3d Cir. 2011) (quoting *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978)).

## III. ANALYSIS

The resolution of Defendant's Motion turns on whether the reliefs sought by Plaintiff are penal. This is because 28 U.S.C. § 2462 provides that "an action, suit or proceeding for the enforcement of any civil fine, *penalty*, or forfeiture, *pecuniary or otherwise*, shall not be entertained unless commenced within five years from the date when the claim first accrued..." 28 U.S.C. § 2462 (emphasis added). The parties all agree, and this Court has previously found, that Defendant's allegedly illegal conduct ended in June of 2008. Accordingly, if Defendant is subject to Section 2462's five-year statute of limitation, Plaintiff had until June of 2013 to institute the within action. However, Plaintiff filed this action in March 2016. As noted above, Section 2462's statute of limitations only applies when the action brought by the Government seeks a remedy that is penal in nature. Hence, if this action is subject to Section 2462, it is untimely. However, if this action is not subject to Section 2462, it may proceed in due course. Thus, whether Plaintiff's demanded reliefs are penal in nature is dispositive.[3]

Courts throughout the country have consistently held that a remedy, including an injunction, is penal in nature when it serves no retributive or remedial purpose and merely seeks to punish an individual. *See, e.g., Johnson v. SEC*, 87 F.3d 484, 488 (D.C. Cir. 1996); *SEC v. Jones*, 476 F. Supp. 2d 374, 381 (S.D.N.Y. 2007); *SEC v. Alexander*, 248 F.R.D. 108, 115-16 (E.D.N.Y. 2007). "Penalty" is defined as "*punishment imposed on a wrongdoer.*" Penalty, Black's Law Dictionary (10th ed. 2014), available at Westlaw BLACKS (emphasis added). In

---

[3] The Court is aware that Defendant signed two tolling waivers in the Parallel Criminal Action, which extended the criminal statute of limitations therein by two years and 55 days. While those waivers are not applicable to this civil action, the Court concludes that, even if the Court were to consider them, the analysis is unchanged. This is because of the fact that, even if said waivers were applicable here, the statute of limitations would have been extended to the end of August 2015. Yet, Plaintiff's Complaint was first filed in March of 2016. Accordingly, if Section 2462's statute of limitations is applicable, the Complaint would be untimely, regardless of which statute of limitations' date is applied.

4

discussing Section 2462, the Tenth Circuit interpreted the term "penalty" "as a sanction or punishment imposed for violating a public law *which goes beyond compensation for the injury caused by the defendant.*" *United States v. Telluride*, 146 F.3d 1241, 1245-46 (10th Cir. 1998) (emphasis added). The D.C. Circuit has explained that a penalty is "a form of *punishment* imposed by the government for unlawful or proscribed conduct, *which goes beyond remedying the damage caused to the harmed parties by the defendant's actions.*" *Johnson*, 87 F.3d at 488 (emphasis added). The Second Circuit has noted that "[a]n injunction, while not always a 'drastic remedy' as appellants contend, often is much more than the 'mild prophylactic'" and that "[i]n some cases the collateral consequences [of an injunction] can be very grave." *SEC v. Commonwealth Chem. Sec., Inc.*, 574, F.2d 90, 99 (2d Cir. 1978) (citations omitted).

Recently, the Supreme Court discussed Section 2462's applicability with respect to disgorgement. *See Kokesh v. SEC*, 137 S. Ct. 1635 (2017). While the remedy therein differs from the one in the matter *sub judice* (*i.e.*, disgorgement versus injunction), the Supreme Court's reasoning is quite instructive. Consistent with the above law, the Court found that "[p]enal laws, strictly and properly, are those imposing punishment for an offense committed against the State." *Kokesh*, 137 S. Ct. at 1642 (citations and internal quotation marks omitted). The Court concluded that "[w]hen an individual is made to pay a *noncompensatory sanction* to the Government as a consequence of a legal violation, *the payment operates as a penalty.*" *Id.* at 1644 (emphasis added).

As discussed above, Plaintiff seeks two remedies. The first is the so called "obey-the-law" injunction. (FAC at 25). There, Plaintiff seeks to

> [p]ermanently restrain[] and enjoin[ Defendant] Gentile, his agents, servants, employees, attorneys and other persons in active concert or

5

participation with him who receive actual notice by personal service or otherwise, from violating Sections 5(a), 5(c), 17(a), and 17(b) of the Securities Act, 15 U.S.C. §§ 77e(a), 77e(c), 77q(a) and 77q(b), and Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

(FAC at 25-26, "Prayer For Relief"). Additionally, Plaintiff seeks a "penny stock bar." With regards to the "penny stock bar," Plaintiff asks this Court to issue an injunction "[p]ermanently prohibiting [Defendant] Gentile from participating in any offering of penny stock pursuant to Section 20(g) of the Securities Act, 15 U.S.C. § 77t(g), and Section 21(d)(6) of the Exchange Act, 15 U.S.C. § 78u(d)(6)." (FAC at 26, "Prayer for Relief").

Plaintiff seeks both of these "remedies" based on Defendant's alleged involvement in the RVNG and KYUS schemes. (*See generally* FAC). According to Plaintiff, Defendant is likely to commit similar violations in the future, thereby necessitating the requested injunctions. (*See, e.g.*, FAC ¶¶ 79, 87-88, 90-91, 93-94, 96-97, 99-100). Plaintiff attempts to bolster this assertion by alleging that Defendant has taken no responsibility for the alleged wrongdoings. Specifically, Plaintiff points to an interview with Bloomberg Businessweek, where Defendant stated "he did nothing wrong." (FAC ¶ 80). Plaintiff also alleges that Defendant "has [publicly] labeled [Plaintiff's] instant action a 'witch hunt'" and has declared on his social media that he "never scammed anyone." (Id.). Furthermore, Plaintiff asserts that Defendant "Gentile has not offered any assurance that he will not violate the securities laws in the future." (FAC ¶ 81). Finally, Plaintiff asserts that Defendant "maintains an active presence in the securities industry as a beneficiary of a Commission-registered broker-dealer" and that Defendant has recently publicly stated his intent to expand his business. (FAC ¶¶ 14, 82). Plaintiff avers that these facts, along

with the allegations regarding the RVNG and KYUS schemes, support the request for the two injunctions.

The Court disagrees with Plaintiff's arguments. First, and most importantly, both injunctions sought by Plaintiff are punitive in nature. Indeed, the "obey-the-law" injunction would simply require Defendant to obey the already established federal laws and regulations relating to securities. Should the Court enter such an order, Defendant would not be required to do anything more than obey the law; a basic understanding of all citizens and those involved with securities. However, such an order would also stigmatize Defendant in the eyes of the public.

Additionally, there would be no retributive effect from such an order, nor would such an order restore any "*status quo ante*." As a matter of fact, Plaintiff has not identified a single "victim" or a specific harmed party that these injunctions would be designed to compensate or benefit. Hence, the only person who would be impacted by such an order would be Defendant, and the only purpose for such an order would be to penalize him for his alleged involvement in the RVNG and KYUS schemes.

The same analysis applies to the "penny stock bar." This injunction would specifically prohibit Defendant from being involved in any "penny stock" offerings. Once again, this order would only serve to punish Defendant. The order would not restore any "*status quo ante*" nor would it serve any retributive purposes. Rather, it would merely restrict Defendant's business structure and methodology, *in perpetuity*, simply because he was alleged to have violated securities laws when he purportedly was involved in the RVNG and KYUS schemes.

None of Plaintiff's arguments are persuasive. Simply alleging that Defendant violated securities laws does not lead the Court to conclude that Plaintiff is likely to violate securities laws

in the future. The fact that Defendant boasted about "not scamming anyone" during an interview and made shrewd comments about the Securities and Exchange Commission on social media also does not indicate that Defendant will violate federal securities laws in the future. While the Court understands Plaintiff's desire to protect the public from predatory conduct, the Court cannot conclude that, under the limited set of facts currently before it, the requested injunctions are anything more than a penalty. Simply, Plaintiff's requested reliefs herein are "*noncompensatory sanctions*" and must be considered penalties.

Because the relief sought by Plaintiff is penal in nature, Section 2462 is applicable. As noted, Section 2462 places a five-year statute of limitations on the civil remedy actions brought by Plaintiff herein. It is undisputed that Defendant's alleged illegal conduct concluded in June 2008. Accordingly, Plaintiff had until June 2013 to institute the within action. Plaintiff did not file this lawsuit until March 2016. As such, this action is time barred under Section 2462 and must be dismissed.

## IV. CONCLUSION

For the aforementioned reasons, Defendant's Motion to Dismiss Plaintiff's First Amended Complaint is granted. An appropriate Order accompanies this Opinion.

DATED: December 13th, 2017

JOSE L. LINARES
Chief Judge, United States District Court