

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
NEW YORK REGIONAL OFFICE
BROOKFIELD PLACE, 200 VESEY STREET
Suite 400
NEW YORK, NEW YORK 10281-1022

Jorge G. Tenreiro
(212) 336-9145
tenreiroj@sec.gov

February 6, 2020

**VIA ECF AND UPS OVERNIGHT**

Hon. Joseph A. Dickson
United States Magistrate Judge
U.S. District Court, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

    Re:    <u>SEC v. Gentile, 16 Civ. 1619 (BRM) (JAD)</u>

Dear Judge Dickson:

    Plaintiff Securities and Exchange Commission ("SEC") respectfully writes to oppose the request by Defendant Guy Gentile ("Defendant") to stay discovery in his Pre-Motion Conference Letter dated February 4, 2020 (Dkt. 77) ("Letter"). Defendant's request is his third attempt since the Third Circuit's decision in *SEC v. Gentile,* 939 F.3d 549 (3d Cir. 2019), to delay this litigation, and impermissibly seeks to revisit Judge Vasquez's recent denial of Defendant's similar motion to stay discovery. This time, Defendant bases his request on the premise that certain potential witnesses and entities the SEC identified in its Supplemental Initial Disclosures are not relevant to this litigation and that they supposedly stem from the SEC's separate Miami investigation. Had Defendant met and conferred with the SEC as required before filing his Letter, he would have learned that the factual premise of his request is incorrect. In any event, Defendant cannot show any genuine basis, much less a legally sufficient basis, to stay discovery.

    **I.**    **Procedural History**

    On March 23, 2016, the SEC filed this case, alleging that Defendant conducted two penny stock manipulation schemes and unregistered public distributions. The SEC's complaint seeks, among other things, injunctions against future violations of the relevant securities laws and regulations, pursuant to 15 U.S.C §§ 77t(b) and 78u(d). On December 13, 2017, the district court granted Defendant's motion to dismiss, holding that the SEC's claim for injunctive relief was barred by the five-year statute of limitations set forth in 28 U.S.C. § 2462 (Dkt. No. 57). On September 26, 2019, the Third Circuit vacated the order and concluded that "because 15 U.S.C. § 78u(d) does not permit the issuance of punitive injunctions, the injunctions at issue do not fall within the reach of § 2462." *Gentile*, 939 F.3d at 552.

    On November 18, 2019, Defendant sought a stay of the Third Circuit's mandate. Mot. to Stay Issuance of Mandate, *SEC v. Gentile*, No. 18-1242 (3d Cir. Nov. 18, 2019). Defendant argued, among other things, that there was a "reasonable probability" that the Supreme Court would grant a

Hon. Joseph A. Dickson
February 6, 2020
Page 2

petition for a writ of certiorari and that he should not be "forced to defend this action" or "be 'put to the further expense of preparing for trial until'" the petition was decided. *Id.* at 1, 8-9. He further argued that he had "completely exited the securities business, having shuttered his Bahamian Broker-Dealer, and no longer works in the securities industry in any manner, with no plans to return." *Id.* at 9 n.3. The Court of Appeals denied Defendant's stay request on November 22, 2019.

At the December 17, 2019 status conference before Judge Vasquez, Defendant renewed his bid to delay these proceedings by seeking a stay of discovery, based on his desire to file another motion to dismiss. *See* Tr. at 4:9-11 ("What we would respectfully propose is that the Court stay any discovery pending our motion to dismiss based on the Third Circuit's ruling.") (Ex. A hereto). The SEC opposed the request and noted that, following the Third Circuit's ruling in *Gentile*, the district court should consider the "specific elements that *[SEC v.] Bonastia*, [614 F.2d 908 (3d Cir. 1980)] . . . instruct[s] the Court to take into account in making the determination of whether an injunction is properly imposed." *Id.* at 5:7-14. The SEC also noted that "much of [this] cannot be assessed until there is a full evidentiary record before the Court." *Id.* Judge Vasquez denied Defendant's motion to stay, noting that he "d[id] not think, in light of the Third Circuit's opinion, that this is a case that's going to be disposed of [sic] dispositive motion practice at the beginning of the case, so I am also going to order discovery to go forward at this time." *Id.* at 7:20-23; *see also* Dkt. 66 (providing that "discovery is not stayed" and ordering parties to prepare for Fed. R. Civ. P. 16 conference).

Chief Magistrate Judge Falk then set a scheduling conference pursuant to Fed. R. Civ. P. 16(a), for January 24, 2020, and, after the conference, entered a scheduling order providing for, among other things, the exchange of Supplemental Initial Disclosures by the parties on February 3, 2020, and permitted fact discovery "to remain open through July 13, 2020." Dkt. 67 at 1. The SEC timely served its Supplemental Initial Disclosures. *See* Dkt. 77-2. Defendant did not supplement his Initial Disclosures.

## II.     The Discovery the SEC Intends to Pursue Is Relevant

The SEC's Supplemental Initial Disclosures identify individuals and entities that may have information regarding Defendant's brokerage and other financial activities in the securities industry. These include staff members of two foreign financial regulatory authorities (one in the Bahamas, the other in Puerto Rico). *Id.* at 2. Moreover, most of the relevant information listed in the Supplemental Initial Disclosures—such as the September 2019 temporary suspension of Defendant's Bahamian broker-dealer by the Bahamian authorities and the denial of Gentile's application to establish an international financial entity in Puerto Rico, *see id.*— are matters of public record, having been covered in the press and in Defendant's own complaint against the Office of the Commissioner of Financial Institutions of Puerto Rico.

This information is relevant to the factors that the district court will presumably consider in determining whether an injunction should be entered against Defendant under the standard set forth in *Bonastia*. As the Third Circuit recognized in *Gentile*, 939 F.3d at 559, *Bonastia* requires "a court [to] make[] a prediction of the likelihood of future violations based on an assessment of the totality of the circumstances surrounding the particular defendant and the past violations that were committed." 614 F.2d at 912. Courts in the Third Circuit "make[] that determination based on

factors including not merely the fact of a past violation," *Gentile*, 939 F.3d at 559, but upon consideration of other factors, including:

> [T]he degree of scienter involved on the part of the defendant, the isolated or recurrent nature of the infraction, the defendant's recognition of the wrongful nature of his conduct, the sincerity of his assurances against future violations, and the likelihood, because of defendant's professional occupation, that future violations might occur.

*Bonastia*, 614 F.2d at 912.

Defendant's participation in securities-related activities and his running afoul of securities or other financial regulations in other jurisdictions are plainly relevant to several of these factors. Indeed, because Defendant has previously admitted that he committed the violations charged in this case, *see* USAO Mem. of L. in Opp. to Def. Mot. to Dismiss at 5, *United States v. Gentile*, 16 Cr. 155 (D.N.J. Sept. 23, 2016) (Dkt. 18), it is likely that discovery will focus on information probative of the *Bonastia* factors. Accordingly, Judge Vasquez recently ordered "full discovery" as to the *Bonastia* factors, including "whether there was in fact a past violation . . . [t]he degree of scienter . . . whether it was an isolated or recurrent [violation]; whether the defendant has recognized whether he engaged in any wrongful conduct; [Defendant's] sincerity that he will not break the law in the future." Ex. A at 7:24—8:11. Thus, Defendant's contention that the topics indicated in the Supplemental Initial Disclosures are "not even remotely related to the . . . allegations of securities law violations in 2007 and 2008," Letter at 1, misses the mark. Had Defendant met and conferred with the SEC before seeking relief from the Court as required (discussed below in Section III), he would have learned that the SEC does not allege that his 2019 activities are relevant to his *liability* for 2007 and 2008 acts, but to the *remedy* that the SEC will seek.[1]

Finally, Defendant's assertion that this information "must have been collected by the SEC's Miami Office in furtherance of its separate investigation into Mr. Gentile and his Bahamian Broker Dealer," Letter at 1, is incorrect. On May 30, 2017, the Court denied Defendant's request for an order enjoining the separate investigation conducted by the Miami office of the SEC. As the SEC informed the Court at that time, the Miami office's investigation always was, and remains, separate and unrelated to the SEC's allegations against Gentile in the present action. The SEC did not then, and still does not, seek to introduce or explore evidence developed through that investigation in the present action. If the Miami investigation results in a public enforcement action alleging misconduct by Gentile, the SEC respectfully reserves the right to bring that action to the district court's attention in the present action to the extent relevant to the determination of injunctive relief, as the SEC previously informed the Court.

---

[1] After the SEC received Defendant's Letter, the undersigned requested that the parties meet and confer with respect to these topics. Defendant appears to contend that engaging in discovery relating to the proper remedy is not proper at this stage of the proceeding, but Judge Vasquez has already rejected this argument. *See* Ex. A at 7:24–8:15.

### III. Defendant's Renewed Request for a Stay Is Improper and Baseless

Defendant's request for a stay of discovery—even leaving aside that the request seeks to circumvent Judge Vasquez's prior ruling denying that same relief—is procedurally improper and substantively meritless.

As an initial matter, Defendant filed his Letter in violation of Local Civil Rule 37.1. That rule provides that "[c]ounsel *shall* confer to resolve any discovery dispute" before presenting "[a]ny such dispute not resolved" to the Magistrate Judge. D.N.J. L.R. 37.1(a)(1). Courts in this District routinely deny motions filed in violation of Local Rule 37.1. *See, e.g.*, *Johnson v. City of Atlantic City*, No. Civ. 4239, 2007 WL 9782663, at *1 (D.N.J. Mar. 7, 2007) (collecting cases). These meet-and-confer rules are aimed at "resolving conflicts between the parties and preventing the filing of unnecessary papers." *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 652 (2d Cir.1987). *After* the SEC received the Letter, it conferred with Defendant and explained the relevance of the new information identified in the SEC's Supplemental Disclosures. Letter at 2 n.3 ("Mr. Gentile is in the dark as to the[] potential relevance to this matter.").

In any event, Defendant's stay request is meritless. In this District,

> 'Courts generally do not favor granting motions to stay discovery because when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems.'…The party seeking a stay must demonstrate 'a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay will work damage to someone else.'

*Kiley v. Tumino's Towing, Inc.*, No. 18 Civ. 3165, 2019 WL 243121, at *2 (D.N.J. June 10, 2019) (quoting *Gerald Chamales Corp. v. Oki Data Americas, Inc.*, 247 F.R.D. 453, 454 (D.N.J. 2007)). Courts consider four factors in making this determination, including whether the stay would unduly prejudice the non-moving party, whether the denial would create a hardship or inequity for the moving party, whether the stay would simplify the issues, and whether discovery is complete. *Id.*

Here, all four factors favor denying Defendant's request for a stay. As the SEC noted in connection with Defendant's prior request for a stay, the SEC will suffer significant prejudice from any more delays in the complete adjudication of this matter. To the extent Defendant has continued to make his living as a participant in the securities industry, obtaining an injunction from future violations is important not only to the SEC but also to the investing public. *See, e.g.*, *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1377 (D.C. Cir. 1980) (recognizing that injunctive relief serves the public interest and thus weighs heavily in favor of denying a stay to defendants in securities actions). By contrast, Defendant has not identified any hardship to himself, particularly with respect to discovery of items that are a matter of public record. Nor has discovery been completed or would staying discovery as to these issues simplify the case—the proprietary of injunctive relief, the only relief the SEC seeks here, will always be at issue in this litigation. Finally, not only is a dispositive motion not yet pending, but Judge Vasquez has already stated his view as to any such motion's dim chances of success, Ex. A at 7:20-23, making a stay of discovery even less warranted.

Hon. Joseph A. Dickson
February 6, 2020
Page 5

    For the foregoing reasons, the Court should deny Defendant's motion to stay discovery.

Respectfully submitted,

Jorge G. Tenreiro

cc:    Hon. Brian R. Martinotti (via regular mail)
       Adam Ford, Esq. (counsel for Defendant Guy Gentile) (via email)