

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NEW YORK
REGIONAL OFFICE

September 15, 2020

VIA ECF
Hon. Joseph A. Dickson
United States Magistrate Judge
U.S. District Court, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

      Re:     SEC v. Gentile, 16 Civ. 1619 (BRM) (JAD)

Dear Judge Dickson:

Plaintiff Securities and Exchange Commission ("Commission") respectfully requests, pursuant to paragraph II.7 of the Court's January 24, 2020 scheduling Order (DE 74 ("Scheduling Order")), that the Court compel: (i) Defendant Guy Gentile to respond to the Commission's Requests for Admission (the "Requests for Admission"), to which he failed to respond despite this Court's directive to do so at the July 14, 2020 conference; and (ii) third-party Stock USA Trust to produce documents in response to the Commission's requests ("Document Requests"), served on Stock USA Trust's trustee, Nicholas Abadiotakis.[1]

**Gentile Has Continued to Refuse to Respond to Requests for Admission.**

On March 2, 2020, the Commission served the Requests for Admission pursuant to Federal Rule of Civil Procedure 36. On May 29, 2020, Gentile served responses and objections but declined to provide substantive responses to all but one of the Requests. See Ex. A at Response to Request No. 21. After multiple meet-and-confer sessions where Gentile's counsel made different arguments about why Gentile should not be required to answer the Requests for Admission—including that requests for admission are never due until after a defendant files an answer and that Gentile needed time to review the Commission's document production before he could answer—the Commission asked the Court to compel Gentile to respond to the Requests for

---

[1] The Commission has already raised one discovery dispute with the Court by letter dated August 24, 2020 (DE 99). To date, Defendant has submitted no response. We respectfully request that, to the extent the Court seeks to hear from the parties about that dispute and the ones described in this letter, all three disputes be addressed together at either the conference scheduled for September 24, or another conference the Court schedules, and that some mechanism for recording the conference be employed.

Admission.  At a telephonic conference on July 14, 2020, the Court did just that.  The Court rejected Gentile's argument that responses to Requests for Admission must be preceded by an Answer and noted:  "[T]hey do normally come at the end, but I often see them at the beginning too, so that's – I'm not shocked by the government's – the government sending them out and all that."  (Conference Tr. at 5.)  The Court further rejected Gentile's argument that he should not have to respond to the Requests for Admission until he had had a full opportunity to review the Commission's document production and noted:  "I don't necessarily agree, just for the record, that you need to review discovery to answer requests [for admission]. . . ."  (*Id.* at 6.)  The Court thus ordered Gentile to respond within 45 days (by August 28, 2020) to the Requests for Admission.  (DE 98.)

Gentile served a new set of responses and objections on August 28, 2020.  See Ex. B.  Despite the Court's Order, however, Gentile continues to refuse to answer 13 of the Commission's 27 Requests for Admission.  As he did in his May 29 objections, Gentile objects to many of these requests on the ground that "they seek[] admission of allegations set forth in the Amended Complaint, the answer to which has not yet been served."  That is an argument that the Court has already rejected.

Though Gentile recites a long list of other inappropriate, boilerplate objections in refusing to answer these 13 Requests for Admission, his objections are just another attempt to delay answering some of the key factual allegations of this case.  For example, Request 11 asks Gentile, with respect to KYUS, one of the two securities the SEC alleges were part of Gentile's scheme, to "[a]dmit that, in 2007, you, Taxon, and Cohen contributed a total of $604,000 to Gottbetter as payment for 75% of KYUS's purportedly unrestricted shares."  This is a straight-forward request for admission.  But Gentile again objects on the grounds that he has not yet answered the Complaint and that the Request is "overly broad" and "unduly burdensome."  Gentile further objects that the answer is "in documents which the SEC may or may not have produced to Gentile and which if produced have not yet been reviewed"—another objection the Court has already rejected.  In any event, as the Commission informed Gentile weeks ago, the Commission has produced all responsive, non-privileged documents to Gentile, and he has had over eight weeks to review documents he deemed necessary to respond to the Requests.[2]

The Commission therefore respectfully requests that the Court order Gentile to answer Requests for Admission Nos. 2, 7, 11, 12, 14, 16, 17, 18, 19, and 27.

---

[2] Gentile makes the same objections the Court has already rejected—that he has not answered the Complaint and that the answer to the request is in documents that the Commission may have provided but that he has not yet reviewed—in refusing to answer Requests 12 and 14.  These requests respectively ask him to admit that his allocation of the purportedly unrestricted KYUS stock was directed to certain accounts and that, after receiving his KYUS shares, he began directing trading in the stock of KYUS through accounts he controlled.  See also Responses to Requests 2, 7, 16, 17, 18, 19, 27.

Hon. Joseph A. Dickson
September 15, 2020
Page 3

**<u>Stock USA Trust Has Refused to Produce Documents.</u>**

Mr. Abadiotakis serves as trustee for the Stock USA Trust, an entity listed as the owner of Commission-registered broker-dealer, Mint Global Markets, Inc.  Gentile is at least one of the beneficiaries, if not the sole beneficiary, of the Stock USA Trust.

The Commission's Amended Complaint (DE 47) against Gentile seeks injunctive relief, relief that will require the Court to assess whether Gentile's current occupation presents opportunities for him to commit future violations of the securities laws.  As the Third Circuit acknowledged in its recent decision vacating the order dismissing the Commission's Amended Complaint, if the Commission is successful in establishing Gentile's liability for the charged securities laws violations, an injunction should enter if the Commission demonstrates that a "future violation may occur," a determination that in this Circuit is "based on factors including not merely the fact of a past violation, but more importantly 'the degree of scienter involved [in the past violation], the isolated or recurrent nature of the infraction, the defendant's recognition of the wrongful nature of his conduct, [and] the sincerity of his assurances against future violations.'"  <u>SEC v. Gentile</u>, 939 F.3d 549, 559 (3d Cir. 2019) <u>cert. den.</u> __ U.S. __, 2020 WL 1906575 (Apr. 20, 2020) (quoting <u>SEC v. Bonastia</u>, 614 F.2d 908, 912 (3d Cir. 1980)).  In determining whether future violations may occur, courts in this Circuit have in turn assessed whether there is a "likelihood, because of defendant's professional occupation, that future violations might occur."  <u>Bonastia</u>, 614 F.2d at 912; <u>accord</u> <u>SEC v. Clay Capital Mgmt.</u>, No. 11 Civ. 5020, 2013 WL 5946989, at *5 (D.N.J. Nov. 6, 2013); <u>SEC v. Teo</u>, No. 04-01815, 2011 WL 4074085, at *9 (D.N.J. Sept. 12, 2011).

Given this background, the Commission seeks information from Mr. Abadiotakis about Gentile's current involvement in the business or operations of the broker-dealer owned by the Stock USA Trust.  Given that Gentile has represented that he has fully exited the securities industry (<u>SEC v. Gentile</u>, No. 18-1242 (3d Cir.) (DE 003113401782, at 9 n.3 (Nov. 8, 2019)), the Commission should be allowed to marshal contrary evidence.[3]

The Commission's Document Requests to Mr. Abadiotakis, served with his consent by email on June 2, 2020, seek three categories of documents:  (1) documents concerning Mr. Abadiotakis' roles as trustee for the Stock USA Trust; (2) documents concerning the beneficial owners or beneficiaries of the Stock USA Trust; and (3) communications between Mr. Abadiotakis and the beneficial owners or beneficiaries of the Stock USA Trust.

The Commission has attempted to resolve Mr. Abadiotakis' relevance and burden objections on several occasions, including by narrowing its requests to seek only

---

[3]     Despite this statement to the Third Circuit, earlier this year, a reporter quoted Gentile admitting that he is still in charge of his U.S. broker-dealer.  <u>See</u> "Commission Faces Battle Over Broker's Winding-Up," <u>The Tribune</u> (Apr.8, 2020) ("I still have my New York firm, in business since 1999, doing the same business that [my former Bahamian broker-dealer] does."), available at http://www.tribune242.com/news/2020/apr/08/commission-faces-battle-over-brokers-winding-up/.

communications between him, as trustee, and the beneficiaries of the trust. To date, however, Mr. Abadiotakis has produced only the trust document creating the trust. As to the rest of the Document Requests, Mr. Abadiotakis, who is unrepresented, indicated that he has at least six emails in his possession between himself and Gentile, but has failed to produce them. Accordingly, the Commission respectfully requests that the Court compel the Stock USA Trust to produce documents responsive to the Document Requests.

                                                        Respectfully submitted,

                                                        Jorge G. Tenreiro

cc:    Adam Ford, Esq. (counsel for Defendant Guy Gentile)
        Nicholas Abadiotakis (via email)