

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NEW YORK
REGIONAL OFFICE

September 23, 2020

VIA ECF
Hon. Joseph A. Dickson
United States Magistrate Judge
U.S. District Court, District of New Jersey
50 Walnut Street
Newark, NJ 07101

    Re:    SEC v. Gentile, 16 Civ. 1619 (BRM) (JAD)

Dear Judge Dickson:

    Plaintiff Securities and Exchange Commission ("Commission") respectfully requests that the Court compel Defendant Guy Gentile to: (i) provide certain documents and verified interrogatory responses, see SEC Letter dated Aug. 24, 2020 (D.E. 99) ("SEC August Letter"); and (ii) respond substantively to Commission Requests for Admission ("RFAs") Nos. 2, 7, 11, 12, 14, 16, 17, 18, 19, and 27, see SEC Letter dated Sept. 15, 2020 (D.E. 101) ("SEC September Letter"). In addition, the Commission seeks an Order compelling third-party Stock USA Trust to produce emails between itself and Defendant Guy Gentile. See id. at 3-4.

    Gentile has once already ignored an order of this Court—the July 14 Order compelling him to respond substantively without regard to timing objections to the RFA's. See D.E. 98; SEC September Letter at 1-2. In his latest filing, Gentile ignores yet another Court Order—that he respond to both the SEC's request that he provide documents, verified interrogatory responses and respond to the RFAs. In the letter he did file, on his behalf and on behalf of Stock USA Trust, Gentile offers no cognizable reason to refuse to respond to the RFAs (certainly none that was not already considered and rejected by the Court at the July 14, 2020 conference).

**Gentile Promised But Has Failed to Produce Documents and Verified Interrogatories**

    Gentile agreed, since at least June 25, to produce documents requested by the Commission relating to, among other matters, the transfers between a Gentile-owned Bahamian entity (Swiss America Securities Ltd.) and an entity known as F1 Trade, and documents evidencing Mr. Gentile's relationship to the Bahamian entity and to Stock USA Trust. See SEC Aug. Letter at 1. At the July 14 Conference, Gentile's counsel stood by that promise because he was "a man of [his] word," and stated he would comply "in short order." Tr. of July 14, 2020 Conference ("Tr.") at 7:4—8:17. But, as the Commission noted, it has received no such responses despite repeated assurances that they were forthcoming. See Ex. A (June 25 and July 6, 2020 emails representing defendant "stand[s] prepared to give you what we agreed to"); Ex. B (August 5, 2020 emails stating "we are working on getting you the additional documents by next week").[1]

---

[1]     Gentile also promised to produce a certain affidavit and a document relating to Stock USA Trust, which he has done.

Having repeatedly represented to counsel and to the Court that he will respond, and having offered no reason whatsoever for these failures (despite the Court's September 15 directive that he do so), Gentile should be ordered to immediately respond to these two requests.

**In Contravention of this Court's Order, Gentile Has Not Substantively Responded to Many of the Commission's RFAs**

In the SEC September Letter, the Commission noted that Gentile had failed to substantively respond to a specific set of RFAs—namely, RFAs Nos. 2, 7, 11, 12, 14, 16, 17, 18, 19, and 27. See SEC September Letter at 2 & n.2. Gentile bases his opposition on his argument that he did substantively respond to RFA No. 13, though that RFA was plainly not the subject of the SEC September Letter or the basis of the Commission's request. See Gentile Letter dated Sept. 18, 2020 (D.E. 102) ("Gentile Letter") at 3. When he does address the RFAs in dispute, Gentile offers two procedurally improper objections and one substantively incorrect one—none meriting anything other than an order further compelling him to respond.

First, Gentile argues that he has "statutory time" to respond to these requests, urging the Court to delay by "declin[ing] to act on the SEC's letter." See id. at 1 n.1, 2. But there is no provision in the Federal Rules of Civil Procedure entitling Gentile to delay the resolution of discovery disputes in the way he seeks, let alone "statutory time" for him to do so. In fact, the rules provide the Court broad discretion to order discovery and resolve disputes, see, e.g., Fed. R. Civ. P. 26(b), 37, and do not specify the manner in which a discovery dispute must be presented other than to require a certification by the moving party that the parties have met and conferred in good faith to resolve the matter. See Fed. R. Civ. P. 26(c)(1), 37(a)(1); see also SEC August Letter at 2 & SEC September Letter at 2-4 (containing such certifications).

Consistent with this grant of discretion, the Local Civil Rules for the District of New Jersey and the Standing Order governing this case both specifically provide that a motion regarding discovery may be made informally, including by letter motion or by an informal meet-and-confer in court process. See Local Civ. R. 37.1; Scheduling Order (D.E. 74) at II.7.

Gentile's latest submission does not even hint at what this proposed additional opposition might add. As such, his request that the Court order additional briefing is nothing but an additional attempt to further delay his participation in this litigation and should be denied.[2]

Second, unable to dispute the merits of the discovery claims against him, Gentile spends most of the rest of his submission disputing the merits of the substantive claims against him, arguing erroneously that "the SEC has no actual evidence to present its case." Gentile Letter at 2. This is procedurally improper. "Allowing disputes on the merits to drive discovery is 'a notion directly at odds with the need for expeditious resolution of litigation.'" Asurion, LLC v. Squaretrade, Inc. No. 18-1306, 2019 WL 7421757, at *2 (M.D. Tenn. Oct. 15, 2019) (quoting Ohio Bell Telephone Co., Inc. v. Global NAPs Ohio, Inc., No. 06-0549, 2008 WL

---

[2] Should the Court be inclined to require additional briefing from the parties, the Commission respectfully requests that the Court treat the SEC August Letter, the SEC September Letter, and this submission as the Commission's opening papers, and give Gentile no more than five days to submit the "more fulsome opposition" he has promised. Gentile Letter at 1 n.1. At a minimum, however, Gentile should be required to specifically proffer the basis of such "fulsome opposition" beyond the misleading arguments about RFAs not at issue and the already-rejected arguments of his September 15 filing.

641252, at *1 (S.D. Ohio Mar. 4, 2008)).  Indeed, "[i]nformation subject to disclosure during discovery need not relate directly to the merits of the claims or defenses of the parties.  Rather, it may also relate to any of the myriad of fact-oriented issues that arise in connection with the litigation."  Id. at *2 n.4 (citing Oppenheimer Fund. Inc. v. Sanders, 437 U.S. 340, 351 (1978)).

The true impetus of Gentile's requests that the Court consider his own view of the merits of the Commission's claim becomes apparent when he asks the Court to consider it in the context of the pending motion to dismiss.  See Gentile Letter at 3.  In essence, this is another attempt by Gentile—his fifth—to seek a stay of or otherwise delay discovery until that motion is decided.  The Court should once more reject this improper request.  See also Ohio Bell, 2008 WL 641252 at *1-2 (the merits of a motion to dismiss are no basis on which to delay discovery).

Third, when he finally provides a merits-based response respecting the RFAs that the Commission actually moved on, Gentile simply rethreads rejected claims.

Gentile quotes Fed. R. Civ. P. 36(a)(4), governing the obligations of a party served with requests for admission, arguing that his refusal to provide substantive responses is "in harmony with Rule 36" because he states "that he 'cannot admit or deny the request'" given that the answer lies in documents outside of his possession.  Gentile Letter at 3.  But Rule 36(a)(4) provides no such basis for refusing to substantively respond to an RFA.  What the Rule does allow a party to do (but Gentile has not done) is "assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."  Fed. R. Civ. P. 36(a)(4) (emphasis added).  Under such circumstances, the party serving the RFA may presumably inquire as to the scope of the inquiry to determine its reasonableness or whether there could be other material that could refresh the opposing party's recollection or ultimately aid him to finally substantively admit or deny the request.

Here, Gentile has made no such certification—he has not, for example, stated that he spoke to the individuals at issue in the various RFAs or reviewed his own files to refresh his memory—thus depriving the Commission of the only proper responses which Rule 36(a)(4) contemplates.  Instead, Gentile again states that his failure to substantively respond is, in his mind, due to the Commission's decision to serve the RFAs "at the start of discovery" rather than "at the end of discovery," Gentile Letter at 3, an argument specifically rejected by the Court on July 14.  See Tr. at 5-6.  Worse, Gentile then "expressly reserve[es] the right to amend his answers should that be appropriate," Gentile Letter at 3, not only expressly disregarding the Court's directive that he respond now, but setting up for himself an unfettered ability to engage in litigation by surprise by at some point later providing substantive responses and presumably claiming his recollection was refreshed based on the reasonable inquiry that the rules and this Court have already ordered him to conduct today, and not at his own leisure.[3]

---

[3]  Likewise, Gentile's argument that he can neither admit nor deny requests because he has not found the answer in the "heap of largely irrelevant files" produced to it by the Commission (made while simultaneously claiming that his review of the documents has revealed to him the supposed lack of merits in the SEC's case), Gentile Letter at 3, is meritless.  Rule 36(a)(4) does not limit a party's reasonable inquiry obligation to those documents it may obtain from the party serving the RFAs, and this Court thus already rejected this excuse.  See Tr. at 6.

Hon. Joseph A. Dickson
September 23, 2020
Page 4

**Emails Between Gentile and a Brokerage Firm are Relevant and Discoverable**

As the Commission noted in the SEC September Letter, it engaged in a lengthy meet-and-confer process with Mr. Abadiotakis, the trustee of the trust that owns the broker-dealer Mr. Gentile once ran, Stock USA Trust (and whose beneficiary is Defendant Gentile), regarding its document subpoena to that entity. See SEC Sept. Letter at 3. As the Commission's communications with Mr. Abadiotakis reflect, the Commission attempted to obtain information regarding what documents Stock USA Trust had concerning Mr. Gentile and, after several emails with Mr. Abadiotakis, requested the production of six emails Mr. Abadiotakis identified are currently in his position. See Ex. C.

Gentile—while disclaiming "direct or indirect involvement" with Stock USA Trust, Gentile Letter at 3—now has his own attorney respond in opposition to the Commission's request for an order compelling that company to produce those six emails. But, again, Gentile provides no basis for withholding those six emails (nor standing to do so). He simply contends (erroneously) that "[t]he only possibly relevant documents . . . are those regarding the question of Mr. Gentile's involvement in the business administration of running the business [sic]," Gentile Letter 4-5, but it is for the Commission, not Gentile's lawyer acting on behalf of Stock USA Trust, to determine whether the emails they admit to have in their possession relate to this question. Nor is discovery as limited as he would have it be. Discovery may be conducted respecting issues beyond the core merits of the dispute. Oppenheimer, 437 U.S. at 351. More specifically, as the Commission has repeatedly explained, Gentile's persistent claims that he is no longer involved in the securities industry—a question that is plainly important to factors the Court will consider under Bonastia, see SEC Aug. Letter at 3 (citing SEC v. Bonastia, 614 F.2d 908, 912 (3d Cir. 1980))—necessitates seeking discovery into that very claim.

Accordingly, Stock USA Trust should be compelled to immediately produce the six emails it has identified as being within Gentile's possession and be ordered to certify that no other documents responsive to the Commission's subpoena to it are within its possession, custody, or control.[4]

Respectfully submitted,

Jorge G. Tenreiro

cc:   Adam Ford, Esq. (via ECF)
      Nicholas Abadiotakis (via email)

---

[4] On September 14, 2020, the undersigned also served a notice of deposition on Mr. Abadiotakis, but has to date received no response from him as to whether he plans to sit for this deposition.