

November 15, 2021

**VIA ECF**
Hon. Brian R. Martinotti
United States District Court Judge
U.S. District Court, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

      Re: *SEC v. Gentile*, 16 Civ. 1619 (BRM) (ESK)

Dear Judge Martinotti:

      As you know, we represent Defendant Guy Gentile in the above-referenced matter and write in response to Magistrate Judge Kiel's November 12, 2021 Text Order administratively terminating Gentile's Motion to Hold the U.S. Securities and Exchange Commission in Contempt (ECF No. 117) ("Text Order") and setting a briefing schedule on an order to show cause why that motion should not be dismissed with prejudice. While Gentile intends to comply with Judge Kiel's scheduling order, we respectfully submit that Magistrate Judge Kiel's order administratively terminating the motion was in error and that the question of whether to hold the SEC in contempt is best addressed by Your Honor, not Judge Kiel, as it was Your Honor who issued the relevant order.

      Respectfully, we believe that Judge Kiel misconstrued both his authority and Your Honor's authority to ensure compliance with this Court's earlier dismissal of the SEC's Amended Complaint with prejudice (ECF Nos. 108, 109 & 114). Plainly, this Court has the constitutional authority to ensure compliance with Your Honor's rulings and retains the power of contempt for such assurance.

      On September 29, 2020, Your Honor authored a well-reasoned opinion dismissing the Amended Complaint without prejudice and offering the SEC an opportunity to include in a second amended complaint additional allegations emanating from Gentile's Bahamian broker-dealer. In litigating this action, the SEC had made these allegations a centerpiece of (1) its arguments seeking a lift of the stay of discovery, (2) its discovery requests and non-party subpoenas, and (3) its legal memoranda opposing Gentile's motions to dismiss. Given that the SEC was litigating these issues as if they were part of the

Hon. Brian R. Martinotti
November 15, 2021
Page 2

Amended Complaint, Your Honor's Order was clear that the SEC "must" include these allegations related to the Bahamian broker-dealer in a second amended complaint to avoid dismissal with prejudice. The SEC declined to amend further, the Amended Complaint was dismissed *with prejudice*, and the SEC did not appeal. Five months later, however, the SEC sought to assert these same allegations related to the Bahamian broker-dealer that it had already litigated in this action in a reworked complaint filed in Florida.

As an initial matter, Your Honor, and not Magistrate Judge Kiel, is the only appropriate person to resolve a motion implicating the Court's contempt power.  A magistrate judge "may exercise the civil contempt authority of the district court" only when he "presides with the consent of the parties."  28 U.S.C. § 636(e)(4). Here, Gentile has not consented to Magistrate Judge Kiel's exercise of the civil contempt authority of this Court for purposes of the present motion. Additionally, Your Honor, as the author of the opinion dismissing the Amended Complaint and having presided over this lengthy case since Judge Linares retired, is best situated to address the issues raised in Gentile's Motion. For these reasons alone, the motion should be reinstated.

To the extent, however, Your Honor might share some of Magistrate Judge Kiel's concerns, we briefly address them here. Judge Kiel questioned whether "it appears more appropriate for defendant to seek the relief sought in the Motion in the Florida federal court overseeing the related case." (ECF No. 117).[1]  But the relief sought here—a finding that the SEC violated Your Honor's Order—is a question best put before Your Honor, not the Florida court. To be sure, Gentile intends to move to dismiss the Florida complaint on various grounds, but they are all independent from the question presented in Gentile's motion for contempt.

Moreover, this Court possesses authority to ensure compliance with its orders through its contempt power. 28 U.S.C. § 401. That is precisely what Gentile seeks in his Motion: that this Court hold the SEC in contempt for violating the Court's order dismissing the Amended Complaint with prejudice and filing a reworked version of it in another court. *See* Mot. for Contempt (ECF No. 116); Mem. of Law in Support of Mot. for Contempt (ECF No. 116-1). While Judge Kiel questioned whether the Court has authority to order the SEC to withdraw its complaint in Florida, the question of an appropriate remedy upon a finding of contempt should not be a determining factor in the threshold question of whether the SEC is in contempt. Nor does it justify administratively terminating the Motion. While we believe the Court does have authority to impose a fine and direct the SEC to withdraw its complaint in Florida, even if we are wrong as to these alternative forms of *relief*, this Court certainly has the authority to find the SEC in contempt and to order other appropriate relief it deems just and proper to ensure compliance with its prior Order.

---

[1] Judge Kiel also questioned whether the Court had authority to address a civil lawsuit filed in another federal court eight months ago. To be clear, while it is true that the Florida complaint was first filed eight months ago, the SEC just recently served both defendants and nothing of substance has occurred in that case, with responses not due until December 1, 2021. Moreover, given the present motion, Gentile has moved to stay the Florida case until resolution of this motion.

Hon. Brian R. Martinotti
November 15, 2021
Page 2

Based on the above, we respectfully request that Judge Kiel's Text Order administratively terminating Gentile's motion be vacated, that the motion be reinstated, and that Your Honor—rather than Magistrate Judge Kiel—adjudicate Gentile's motion seeking to hold the SEC in Contempt.

Respectfully Submitted,

Adam C. Ford, Esq.

cc: All counsel of record (via ECF)

The Court has reviewed counsel's letter dated November 15, 2021 (cm/ecf 118), the request is granted, the motion (ECF No. 116) is reinstated and referred to Magistrate Judge Edward S. Kiel for a report and recommendation. Briefing scheduling to follow. SO ORDERED.

BRIAN R. MARTINOTTI, USDJ
DATED:  NOV. 16, 2021