**UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| *Plaintiff*, | No. 2:16 Civ. 01619 (BRM)(ESK) |
| v. | |
| GUY GENTILE, | |
| *Defendant*. | |

**DEFENDANT GUY GENTILE'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR CONTEMPT**

Pursuant to Magistrate Judge Kiel's November 18, 2021 Order, Defendant Guy Gentile ("Gentile") respectfully submits the following Reply Memorandum of Law in support of his Motion for Contempt against the U.S. Securities and Exchange Commission ("SEC") (ECF No. 116).

### PRELIMINARY STATEMENT AND RELEVANT FACTS

The SEC's memorandum of law in opposition to Gentile's Motion is long on extraneous facts and misstatements about the past. It is short, however, on confronting the facts Gentile presented in his opening memorandum and the law that compels the conclusion that the SEC violated this Court's order by filing a complaint in a different jurisdiction seeking the same relief on the same facts litigated before this Court prior to dismissal of the Amended Complaint with prejudice. At a minimum, the SEC should be found in contempt. This Court should then fashion an appropriate remedy, including ordering that the SEC withdraw the Florida Complaint.

The SEC in fact litigated the issue of Gentile's conduct in the Bahamas, specifically allegations of violation of the securities laws purportedly uncovered in the "related" MIRO investigation into him before this Court. The SEC specifically referenced Gentile's alleged misconduct in the Bahamas in letters to this Court as early as April 2017, explicitly stating that its investigation out of the MIRO was "related" to the allegations here. While the SEC later tried to retract its statements and claim the Florida investigation was unrelated, the SEC cannot turn its back on its statements to the Court that the investigation there was "related" to the allegations here because they supported the SEC's request for injunctive relief in this case. The SEC in fact used these allegations emanating from the MIRO investigation as a basis to argue that the Court should issue an injunction against Gentile, even taking discovery on these issues pending Gentile's motion to dismiss. The SEC specifically alleged in its Amended Complaint that his

ownership of the Bahamian broker dealer offered "daily opportunities" to violate the securities laws.[1] And this Court plainly instructed the SEC to include these *specific* allegations in a second amended complaint within 20 days if the SEC intended to use them as a basis for seeking an injunction against Gentile. The SEC failed to bring these allegations within 20 days, and instead includes them as a basis to seek the same injunctive relief from another court.

The SEC pushes aside these critical facts, presenting in its opposition brief a meandering tale: first explaining that the New Jersey case was about KYUS and RVNG before concluding that the Florida Complaint is about the Bahamian broker-dealer. Of course, the front and center allegations in the two complaints differ in part. But Gentile's contempt argument does not rely on complete uniformity between the two complaints. Indeed, a fundamental consideration for the Court here is that the KYUS and RVNG allegations were insufficient to permit it to issue the injunction sought by the SEC—the reason this Court dismissed the Amended Complaint. For this precise reason, the SEC throughout this action sought to piggyback its untimely allegations related to KYUS and RVNG on more recent allegations related to Gentile's conduct in the Bahamas as *the* basis to seek injunctive relief from this Court. It is these allegations related to Gentile's alleged conduct in the Bahamas that are identical to the reworked Florida Complaint and that the Court in its Order instructed the SEC to include in a further amended complaint in this case. This reality forms the basis for Gentile's motion for contempt.

---

[1] The SEC's assertion in its opposition memorandum that it only alleged he was violating the Bahamas Securities laws is disingenuous. The SEC was plainly referring to Gentile violating the US Securities laws.

## ARGUMENT

**A. Under the First-Filed Rule and This Court's Order Dismissing the Amended Complaint, the SEC Should Be Enjoined From Litigating the Same Allegations in Florida That it Litigated Here Prior to Dismissal**

As Gentile highlighted in his opening brief, the Third Circuit permits a district court to enjoin a party from proceeding on the same issues in another court. *Crosley Corp. v. Hazeline Corp.*, 122 F.2d 925, 928 (3d Cir. 1941). While the SEC suggests that this case is inapplicable here, it does so by misreading the case, attempting to impose more stringent requirements on Gentile than the law actually requires. And the cases the SEC cites do not support its position. *See* Pl.'s Opp. 12-14, ECF No. 123. For example, in *Akishev v. Kapustin*, 23 F. Supp. 3d 440, 443 (D.N.J. 2014), the New Jersey court—the second-filed jurisdiction in *Akishev*—rejected the defendants' request for a stay pending the outcome of litigation first filed in the Eastern District of New York. Of course, Gentile does not seek a stay in this Court, but more to the point, in *Akishev* neither case had reached final judgment. Critical to that court's holding was that the defendants "conce[ded] that Plaintiffs' claims [in New Jersey] will remain notwithstanding the outcome of the E.D.N.Y. action." *Id.* at 448. Here, it is the opposite, this Court—the first-filed jurisdiction—has issued a final order, and that order encompasses the claims the SEC seeks to assert in Florida. If this Court agrees with Gentile here, there will be nothing left for the Florida court to decide regarding Gentile.

Similarly, the Third Circuit's decision in *Grider v. Keystone Health Plan Central, Inc.*, 500 F.3d 322 (3d Cir. 2007), concerned an entirely different procedural posture, making it particularly unhelpful to the SEC. *See* Pl.'s Opp. 13-14, ECF No. 123. In *Grider*, the Eastern District of Pennsylvania—the first-filed jurisdiction—issued an injunction at the plaintiffs' request that prohibited certain defendants in the EDPA case from settling similar *but separate* lawsuits involving *different* plaintiffs that were consolidated in a multidistrict litigation (MDL)

docket in the Southern District of Florida.  500 F.3d at 323-24.  In reversing the injunction, the

Third Circuit observed that while there was "overlap" between the two cases, there were

"aspects" of the EDPA claims that were "not at issue" in the Florida MDL case.  *Id.* at 332.  The

lynchpin of that case, however, was that the unique context there—shutting down class-action

settlement discussions in an MDL case—weighed strongly against the injunction issued by the

Pennsylvania court, even if some of the Pennsylvania claims would be covered by a settlement in

Florida.  *See id.* at 332-33 (reasoning that injunction undermined purpose of MDL to efficiently

resolve numerous claims and that if EDPA plaintiffs were unhappy with the settlement in Florida

they had the right to opt out under Rule 23 of the Federal Rules of Civil Procedure).  Such

considerations are not implicated here where the SEC has sought to sue Gentile for the same

conduct in two jurisdictions and this Court has already entered a final order that covers such

allegations.

The SEC also mischaracterizes the Third Circuit's decision in *Chavez v. Dole, Food

Company, Inc.*, 836 F.3d 205, 220-21 (3d Cir. 2016).  That case does not stand for the

proposition that the first-filed rule is only implicated when a party acts in bad faith.  *But see* Pls.'

Opp. 14, ECF No. 123.  Rather, *Chavez* states that dismissal of a second-filed action *by the court

in the second jurisdiction* "may" be appropriate when there is "[b]latant forum shopping or

gamesmanship by one or both parties."  836 F.3d at 221.  To be clear, there is no doubt that the

SEC is in fact trying to "game the system" by filing a lawsuit alleging the same conduct in

Miami that it unsuccessfully litigated in New Jersey, but Gentile has not asked the Florida court

to dismiss the SEC's complaint on that basis, yet.  The normal course of action—as enunciated

by *Chavez* and consistent with Gentile's requests in the Florida litigation—is for the district court

where the second case is filed to stay or transfer the action.  *See id.* at 220 ("We therefore

4

conclude that, in the vast majority of cases, a court exercising its discretion under the first-filed rule should stay or transfer a second-filed suit.").  In other words, *Chavez* is more relevant to how the Florida court should rule on Gentile's motion to stay than it is here and supports the relief Gentile has sought in *that* court.  *Chavez* says nothing about this Court's, i.e., the first-filed court's, ability to direct *a party* not to proceed with litigation in the second jurisdiction, and this Court clearly has the authority to order that remedy.  *See, e.g.*, *Crosley*, 122 F.2d at 928 (holding that a district court has the "power to enjoin the parties within its jurisdiction from bringing other suits upon the same cause of action in another federal district court"). Gentile has asked the Florida court to stay that action and that motion is currently sub judice.

Finally, this Court is better positioned than the Florida court to address the issues raised in Gentile's motion for contempt, especially the scope of this Court's prior final order dismissing the SEC's Amended Complaint with prejudice.  The cases the SEC cites are not analogous.  *See* Pl.'s Opp. 14-15.  In *Medellin v. Texas*, 552 U.S. 491, 513 (2008), the Supreme Court addressed whether a U.S. state court should afford preclusive weight to a judgment by the International Court of Justice.  The SEC cites mere dicta from a footnote in the decision, which then proceeds to explain: "In any event, nothing suggests that the ICJ views its judgments as automatically enforceable in the domestic courts of signatory nations."  *Id.* at 513 n.9.  Obviously, a U.S. federal district court expects its decisions to be followed in other federal district courts.  In *Smith v. Bayer*, 564 U.S. 299, 304-07 (2011), the Supreme Court considered whether a federal district court's decision to enjoin state-court proceedings was consistent with the Anti-Injunction Act, a statute that—consistent with its name—prohibits federal courts from enjoining state proceedings except in rare circumstances.

As explained previously, this Court is much more familiar than the Florida court with the underlying facts in this case and what the Court intended in issuing its final order.  The Court can just as easily compare its decision against the allegations in the Florida case, and the Court clearly possesses authority to order the relief Gentile seeks.

## CONCLUSION

For the reasons set forth herein, as well as those in Gentile's initial memorandum of law filed November 2, 2021, his letter of November 15, 2021, and his supplemental memorandum of law filed November 24, 2021 in response to this Court's Order, Gentile respectfully requests the Court hold the SEC in contempt for violating the Court's Order dismissing the Amended Complaint with prejudice.  Gentile further requests the Court hold the SEC in contempt and issue a $175 per day fine for each day it fails to withdraw the Florida Complaint, either along with, or in the alternative any other relief the Court deems just and proper.

Dated:          December 13, 2021
                New York, NY

                                                    Respectfully submitted,

                                                    FORD O'BRIEN, LLP


                                                    _____
                                                    Adam C. Ford, Esq.
                                                    Matthew A. Ford, Esq.
                                                    575 Fifth Ave, Floor 17
                                                    New York, NY 10017
                                                    Tel: (212) 858-0040
                                                    aford@fordobrien.com
                                                    mford@fordobrien.com


                                                    *Counsel for Defendant Guy Gentile*

6

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Defendant's Supplemental Reply Memorandum of Law in Support of His Motion for Contempt, dated December 13, 2021, to be served on Defendant by filing via PACER.

_____

Adam C. Ford, Esq.