<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SECURITES AND EXCHANGE COMMISSION,<br><br>               Plaintiff,<br><br>       v.<br><br>GUY GENTILE,<br><br>               Defendant. | Case No. 2:16-cv-01619 (BRM) (ESK)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is the Report and Recommendation ("R&R") of the Honorable Edward S. Kiel, U.S.M.J., dated January 10, 2022 (ECF No. 129), recommending Defendant Guy Gentile's ("Gentile") Motion for Contempt ("Motion") (ECF No. 116) be denied. Gentile objects to the R&R. (ECF No. 130.) Having reviewed the submissions and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, the R&R is **ADOPTED** in its entirety and Gentile's Motion is **DENIED**.

**I.    BACKGROUND**

As the parties are familiar with the procedural history in this matter, the Court reprises only the events relevant to the R&R.

On October 6, 2017, the Securities and Exchange Commission ("SEC") filed an Amended Complaint seeking the imposition of injunctions against Gentile for allegedly perpetrating stock manipulation schemes in 2007 and 2008. (*See* ECF No. 47.) On October 27, 2017, Gentile filed a motion to dismiss. (ECF No. 50.) In opposing Gentile's motion to dismiss, the SEC requested the

Court take judicial notice of Gentile's more recent activities in the Bahamas, but the Court declined. (ECF No. 108 at 23.) On September 29, 2020, the Court dismissed the Amended Complaint for insufficient pleading, without prejudice. (ECF No. 108 at 25; ECF 109.) The Court entered an order (the "September 2020 Order") permitting the SEC to further amend its complaint to cure the deficiencies raised in the Court's opinion and noted: "If [the SEC] fails to file a Second Amended Complaint by October 20, 2020, the Amended Complaint (ECF No. 47) will be dismissed with prejudice." (ECF No. 109 at 2.) In the accompanying opinion, the Court noted, "If the SEC wishes the Court to consider these allegations, they must be included in a further amended complaint." (ECF No. 108 at 25.)

On October 19, 2020, the SEC informed the Court that it would not file a further amended complaint. (ECF No. 113.) By order entered October 21, 2020, the Court directed the Clerk to close this matter. (ECF No. 114.)

On March 22, 2021, the SEC filed a complaint against Gentile in the Southern District of Florida (the "Florida Action"), alleging Gentile "operated [between 2016 and 2019] an offshore broker-dealer in the Bahamas designed to help day traders in the United States circumvent the U.S. rules that regulate pattern day trading." (Def.'s Br., Ex. K, (ECF No. 116-13) ¶ 1.)

In response to the Florida Action, Gentile filed a Motion for Contempt in this Court on November 2, 2021, alleging the SEC is in contempt of the Court by violating the September 2020 Order. (ECF No. 116.) On November 16, 2021, the Court referred the matter to the magistrate judge for a report and recommendation. (ECF No. 119.) On November 24, 2021, Gentile filed a supplemental brief. (ECF No. 121.) On December 6, 2021, the SEC filed an opposition. (ECF No. 123.) On December 13, 2021, Gentile replied. (ECF No. 125.) On January 10, 2022, Judge Kiel

recommended denial of Gentile's Motion. (ECF No. 129.) On January 24, 2022, Gentile filed an objection to Judge Kiel's recommendation. (ECF No. 130.)

## II. LEGAL STANDARD

Local Civil Rule 72.1(c)(2) requires an objecting party to "serve on all parties written objections which shall *specifically identify* the portions of the proposed . . . recommendations or report to which objection is made and the basis of such objection." L.Civ.R. 72.1(c)(2) (emphasis added). The same rule requires the Court to "make a de novo determination of those portions to which objection is made," and the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." *Id.*; *accord* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Advisory Committee Notes to Federal Rule of Civil Procedure 72 states, "[w]hen no timely objection is filed, the court need only satisfy itself that there is *no clear error* on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 (emphasis added).

"To prove civil contempt the court must find that (1) a valid court order existed; (2) the defendant had knowledge of the Order, and (3) the defendant disobeyed the Order." *Harris v. City of Philadelphia*, 47 F.3d 1311, 1326 (3d Cir. 1995) (citing *Roe v. Operation Rescue*, 919 F.2d 857, 871 (3d Cir. 1990)). Each of these elements "must be supported by clear and convincing evidence." *Harris*, 47 F.3d at 1321. "[W]illfulness is not a necessary element of civil contempt," and, accordingly, "evidence . . . Regarding . . . good faith does not bar the conclusion . . . that [the defendant] acted in contempt." *Harley-Davidson, Inc. v. Morris*, 19 F.3d 142, 148–49 (3d Cir. 1994). However, where "there is ground to doubt the wrongfulness of the conduct, [the nonmovant] should not be adjudged in contempt." *Robin Woods Inc. v. Woods*, 28 F.3d 396, 399

(3d Cir. 1994) (citing *Quinter v. Volkswagen of Am.*, 676 F.2d 969, 974 (3d Cir. 1982) (quoting *Fox v. Cap. Co.*, 96 F.2d 684, 686 (3d Cir. 1938))).

### III. DECISION

Gentile objects to the R&R's conclusion that the SEC did not violate the September 2020 Order by failing to file a curative pleading within twenty days, claiming that conclusion was not based on what he raised in his contempt motion. (ECF No. 130 at 13.) Gentile claims the basis for his contempt motion was that the SEC filed a complaint in a different court containing the related allegations as those that were dismissed with prejudice[1] by this Court in its September 2020 Order. (*Id.*) After review, the Court agrees with the well-reasoned opinion of Judge Kiel.

Gentile's attempt to hold the SEC in contempt confuses two distinct forms of order: a dismissal with prejudice and a filing injunction[2] pursuant to the All Writs Act, 28 U.S.C. § 1651.[3]

A dismissal with prejudice bars refiling of the same claim in the same court. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 506 (2001). In contrast, a filing injunction pursuant to the All Writs Act, 28 U.S.C. § 1651, gives district courts power to issue injunctions restricting the filing of meritless pleadings by litigants where the pleadings raise issues identical or similar to those that have already been adjudicated. *See In re Packer Ave. Assocs.*, 884 F.2d 745, 746 (3d

---

[1] SEC concedes the consequence of not amending its complaint in this Court is dismissal of its complaint with prejudice. (ECF No. 123 at 15.)

[2] Gentile repeated insistence that SEC violated this Court's Order dismissing the Amended Complaint with prejudice by filing a "reworked" Complaint compels the Court to conclude Gentile is arguing the Court's Order dismissing SEC's Amended Complaint with prejudice (ECF No. 114) somehow actually means SEC is prohibited from filing any complaint in anyway related to the dismissed Amended Complaint.

[3] Gentile's brief mentions the All Writs Act. (ECF No. 130 at 14.)

Cir. 1989) (citing *In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982)). To impose a filing injunction, a district court must comply with three requirements:

> (1) the order should be entered only in exigent circumstances, such as when a litigant continuously abuses the judicial process by filing meritless and repetitive actions; (2) the District Court must give notice to the litigant to show cause why the proposed injunction should not issue; and (3) the scope of the injunctive order must be narrowly tailored to fit the particular circumstances of the case.

*Parker v. Adm'r New Jersey State Prison*, 795 F. App'x 862, 863 (3d Cir. 2020) (citing *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993)). The Third Circuit has instructed that a filing injunction "is an extreme measure that must 'be narrowly tailored and sparingly used.'" *Id.* at 862 (quoting *In re Packer Ave. Assocs.*, 884 F.2d at 747).

Here, the plain text of the September 2020 Order shows the Court did not order a filing injunction. (ECF No. 109.) Rather, the September 2020 Order permitted the SEC to file a Second Amended Complaint by a date certain, and advised the SEC that failure to do so would result in dismissal of its Amended Complaint with prejudice. (*Id.*) Thereafter, the SEC alerted the Court it would not file an amended pleading (ECF No. 113), and the matter was closed the following day (ECF No. 114). Because Gentile is not arguing his contempt motion implicates *res judicata* or "first-filed rule" (ECF No. 130 at 14), the Court need not examine the effect of the SEC not filing an amended pleading. Further, the Court did not engage with the requirements for the imposition of a filing injunction, which serves as an additional basis to conclude the September 2020 Order did not impose a filing injunction.

In sum, the Court finds Gentile's motion for contempt mistakes the September 2020 Order as imposing a filing injunction against the SEC. Accordingly, the Court agrees with Judge Kiel's finding that the SEC did not violate the September 2020 Order, and adopts the R&R.

## IV. CONCLUSION

For the reasons set forth above, the January 10, 2022 R&R is **ADOPTED** in its entirety and Gentile's Motion is **DENIED**.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
UNITED STATES DISTRICT JUDGE

Dated:  March 28, 2022